## UNITED STATES *v.* GRUVER.

*(District Court, D. South Carolina. May 16, 1888.)*

POST-OFFICE—STEALING FROM THE MAILS.
> The only offense punishable under section 5467, Rev. St. U. S., is "the stealing or taking" by a postal employe of the articles enumerated in this section from the mail intrusted to him, which mail has been embezzled, secreted, or destroyed by him.

*(Syllabus by the Court.)*

At Law.

James L. Gruver was indicted for offenses committed in violation of Rev. St. U. S. §§ 3891, 5467. Defendant demurred. Demurrer sustained.

*L. F. Youmans,* U. S. Dist. Atty., for the United States.

*G. L. Buist,* for defendant.

SIMONTON, J. The defendant, a letter carrier in Charleston, was indicted under two counts: One for violating section 3891, Rev. St.; the other for violating section 5467, Rev. St. The count upon section 5467 is in these words:

"And the jury aforesaid, upon their oaths aforesaid, do further present that James L. Gruver, late of Charleston county, state of South Carolina, on the 2d day of April, in the year of our Lord one thousand eight hundred and eighty-eight, at Charleston county, in the state of South Carolina, in said district, and within the jurisdiction of this court, being employed in the postal

service of the United States, to-wit, as letter carrier, in the post-office at Charleston, county of Charleston, in the said state and district, did then and there unlawfully destroy a certain letter which was intended to be conveyed by post, and came to possession of him, the said James L. Gruver, letter carrier aforesaid, and intrusted to him for delivery to the person to whom the same was addressed, to-wit, H. W. Kinsman, at Charleston, and which letter contained a check of great value, to-wit, for the sum of fourteen dollars and twenty-nine cents, drawn by Edward Roberts on the Produce National Bank of Philadelphia, in the state of Pennsylvania, to the order said H. W. Kinsman, contrary to the act of congress in such case made and provided, and against the peace and dignity of the United States of America."

The counsel for the defendant demurs to this count. He insists that it is totally defective, in that it does not charge that the defendant "did steal or take" the contents of any letter, packet, bag, or mail of letters; and that "the stealing or taking" the contents of such letter, etc., is the crime, and the only crime, punishable under this section. The section begins as if it was intended to punish the secretion, embezzlement, or destruction of mail matter containing any security for or assurance relating to money, or any other thing of value. "Any person who shall secrete, embezzle, or destroy any letter, packet, bag, or mail of letters intrusted to him, and which shall contain any note, bond, check," etc. Then follows a minute enumeration of all kinds of securities and papers of this character; and then, in the same sentence, the section goes on: "Any such person who shall steal or take away any of the things aforesaid out of any letter, packet," etc., "shall be punished," etc. The phraseology is almost the same down to and including this sentence, indeed altogether the same, as section 279, act 1872, (17 St. at Large, 318,) from which it is here compiled. Whether this act, which was itself a compilation, in transcribing a former act of congress, omitted, accidentally or intentionally, a clause making a distinct offense the secreting, embezzling, or destruction, by a postal employe, of mail matter intrusted to him, does not appear, and is not important. The law certainly is not so written, and no court would interpolate it in a criminal statute. Section 3891 makes it a criminal offense for a postal employe to secrete, embezzle, or destroy any mail matter intrusted to him, although it does not contain any security for or assurance relating to money or other thing of value. Section 5469 punishes any person, whether in employment of the postal department or not, who opens, embezzles, or destroys mail matter containing things of value, or the representatives of value. I am inclined to think that this section is not defective, as Judge PARDEE seems to think in *U. S.* v. *Long*, 10 Fed. Rep. 879, and that it expresses the intent of congress to punish the stealing or taking from the mail the things enumerated. The section first describes the person to be punished. He must be employed in the post-office department. He must secrete, embezzle, or destroy mail matter intrusted to him; and, besides this, "such person," that is to say, such postal employe, who so secretes, embezzles, or destroys mail matter intrusted to him, must steal or take the contents of such mail matter, valuable or representing value, in order to come within the provisions of this section.

If he secretes, embezzles, or destroys mail matter intrusted to him, he can be punished under section 3891, although it does not contain value, or representative of value. If he steals or takes the letter or packet, and it contains value, or the representative of value, he can be punished under section 5469. If he embezzles, secretes, or destroys the letter or packet containing value, or the representative of value, and in addition to this steals or takes the contents, he will be punished under the section in question. Let the demurrer be sustained.