JOHNSTON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 26, 1898.)

No. 688.

1. CRIMINAL LAW—INFORMATION—AFFIDAVIT OF FACTS.
　　An affidavit which states simply that the offense of obstructing the due administration of justice in a district court of the United States for a certain district has been committed, and that there is probable cause to believe that it was committed by a person named, but which neither sets out any act done nor avers any knowledge of the facts by affiant, is insufficient as the basis of an information.

2. INFORMATION FOR OBSTRUCTING JUSTICE—SUFFICIENCY.
　　An information for attempting to obstruct the due administration of justice in a district court, by furnishing to one charged with a criminal offense a false certificate to enable him to obtain a continuance, is bad where it charges the making of such certificate by inference only, and fails to charge that it was furnished by defendant with a corrupt intent.

In Error to the District Court of the United States for the Middle District of Alabama.

S. L. Fuller, for plaintiff in error.

Warren S. Reese, for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PARDEE, Circuit Judge. Preston T. Johnston, who prosecutes this writ of error, was tried, convicted, and sentenced for the violation of section 5399, Rev. St. U. S., on an information as follows:

"The United States versus P. T. Johnston.

"No. 2,953. Information. District of the United States for the Middle District of Alabama. For the November Term, A. D. 1896.

"Before the Hon. John Bruce, District Judge.

"Be it remembered that George F. Moore, as district attorney of the United States for the Middle district of Alabama, who for the said United States, in this behalf, prosecutes in his proper person, comes here unto the district court of the United States for the said Middle district of Alabama, on the tenth day of December, A. D. 1896, in this same term, and gives the court here to understand and be informed that heretofore, on the fourth day of December, A. D. 1896, before the filing of this information, in the county of Montgomery, within said Middle district of Alabama, and within the jurisdiction of said court, P. T. Johnston, whose name to the district attorney is otherwise unknown, did unlawfully and corruptly endeavor to obstruct the due administration of justice in the district court of the United States for the Middle district of Alabama, in this: That during the present term of said district court there was and still is pending on the docket of said court an indictment charging one J. E. Bailey, alias Ed. Bailey, with a violation of the internal revenue laws of the United States for unlawfully and knowingly removing, to wit, 500 gallons of distilled spirits, on which the tax due the United States had not been paid, from a warehouse for distilled spirits authorized by law, without first paying the tax thereon, and with removing said spirits in a manner otherwise than provided by law, to wit, by stealth and without proper notice being given to the officers of the United States; and the said Bailey was then and there under bond to appear for trial on the fourth day of December, 1896, under the indictment charging him with said offense; and, the said case having been duly called for trial in said court, the said Bailey, through his counsel, sought to have the said criminal case against him continued until the next term of the said district court, and, in support of his said application, filed the following certificate, to wit:

"'State of Alabama, Franklin County. I hereby certify that Mr. J. E. Bailey, who is now suffering with a simple fracture of the tibia, will be for some time unable to travel, or to perform any kind of physical labor where it would be necessary to be upon his feet.

"'In witness whereof, I hereunto set my hand and seal, this November 29th, 1896.                                        P. T. Johnston, M. D.

"'Personally appearing, Dr. P. T. Johnston made oath that the foregoing statement by him subscribed is in all respects correct and true.

"'Jas. S. McCluskey, [Seal.]  Notary Public.

"'Filed Dec. 4, 1896.       J. W. Dimmick, Clerk.'

"And the said district attorney gives the court to understand and be informed that the said Johnston knew, when he made the said certificate, and furnished the same to the said Bailey, that the said certificate was false, and he, the said Johnston, furnished the said certificate to the said Bailey for the purpose of obstructing the due administration of justice in said district court of the United States for the Middle district of Alabama, by and in causing the said case against the said Bailey to be continued for the term of said court without any legal or just cause therefor, and then and there and thereby obstructing the

due administration of justice in the said court of the United States. Whereupon the said district attorney of the United States for the said United States prays the consideration of the court in the premises, and that due process of law may be moved against the said P. T. Johnston in this behalf to make him answer the United States concerning the premises aforesaid.

"Geo. T. Moore, United States Attorney."

Accompanying this information, and as the basis thereof, appears the following affidavit:

"United States of America, Middle District of Alabama—ss.: Before me, John Bruce, judge of the district court of the United States for the Middle district of Alabama, personally appeared J. A. Dudley, who, being by me first duly sworn, deposes and says that the offense of obstructing the due administration of justice in the district court of the United States, for the Middle district of Alabama, has been committed, and that there is probable cause to believe that the said offense has been committed by P. T. Johnston.      J. A. Dudley.

"Sworn to and subscribed before me this, the tenth day of ———, A. D. 1896.

"John Bruce, Judge."

The record shows that the plaintiff in error first demurred to the indictment, on the ground that the information was not based upon an affidavit showing facts within the personal knowledge of the affiant. This demurrer being overruled, Johnston filed a plea in abatement, the grounds of which do not appear in the record. Following the plea in abatement, Johnston appears to have demurred generally to the information. The bill of exceptions found in the record purports to give all the testimony adduced on the trial of the case. The affidavit on which the information was based was wholly insufficient to warrant the arrest and trial of the plaintiff in error, and is altogether too general in terms as to the offense against the United States said to have been committed; and it shows no knowledge, information, nor even belief on the part of the affiant as to the guilt of the party charged, beyond the bare statement that "there is probable cause to believe that the said offense has been committed by P. T. Johnston." However false the affidavit may be, it would be next to impossible to assign and prove perjury upon it.

In U. S. v. Tureaud, 20 Fed. 621, the law with regard to the sufficiency of an affidavit upon which an information can be lawfully based is fully considered and discussed on principle and authority, and therein it is held that "the probable cause supported by oath or the affirmation prescribed by the fundamental law of the United States, sufficient to base an information upon, is the oath or the affidavits of those persons who of their own knowledge depose to the facts which constitute the offense." In U. S. v. Polite, 35 Fed. 59, it is held that "informations must be based on affidavits which show probable cause arising from the facts within the knowledge of the parties making them, and that mere belief is not sufficient." Tested by these authorities, the affidavit in the present case was fatally defective.

The demurrer to the information should have been sustained. The information first charges that Johnston "did unlawfully and corruptly endeavor to obstruct the due administration of justice in the district court of the United States for the Middle district of Alabama in this: [Then reciting matters and things done by one

J. E. Bailey, but nothing whatever that was done or charged to have been done by Johnston.]" Following this, and apparently as a second count in the information, Johnston is charged with furnishing a certain certificate to the said Bailey for the purpose of obstructing the due administration of justice in said district court of the United States for the Middle district of Alabama, which he knew when he made and furnished the same was false. Only incidentally or inferentially is it charged that Johnston made the said certificate, and nowhere is it specifically charged that he made it and furnished it with any corrupt intent. There was no evidence in the case to show that Johnston made or furnished the specific certificate set forth in the information. It is true, there was evidence tending to show that he made and furnished to the said Bailey a certificate similar to a part of the certificate set forth in the information; but there is a fatal variance between the certificate proved to have been made and furnished by Johnston and the one charged in the information to have been furnished by him. For these reasons, the judgment of the district court is reversed, and the case is remanded, with instructions to set aside the verdict and sentence, and quash the information.