### UNITED STATES v. DESCY.

(District Court, D. Rhode Island. November 17, 1922.)

1. **Searches and seizures** ⊂⊃7—**Person invoking protection from unlawful search not required to prove innocence of crime.**

   To enforce his constitutional right to protection from unlawful search and seizure, a citizen cannot be required to prove his innocence of crime.

2. **Intoxicating liquors** ⊂⊃255—**Petitioner for return of liquor unlawfully seized not required to prove his lawful possession.**

   The provision of National Prohibition Act, tit. 2, § 33, that "in any action concerning the same" the burden shall be on the possessor of liquor to prove that it was lawfully acquired and possessed, does not apply to a petition for return of liquor unlawfully seized and taken from petitioner's private dwelling.

Criminal prosecution by the United States against Edmond Descy. On motions to dismiss defendant's amended petition for return of property unlawfully seized. Denied.

Norman S. Case, U. S. Atty., of Providence, R. I.

Rosenfeld & Hagan, of Providence, R. I., for defendant.

BROWN, District Judge. The invalidity of the search warrant that was filed on June 4, 1920, in the office of the clerk of this court is determined as matter of law by the decision of the Circuit Court of Appeals for this circuit in Giles v. United States, 284 Fed. 208, Octo-

ber 28, 1922. This decision accords with a former ruling of this court on a similar search warrant.

September 30, 1920, criminal information No. 704 was filed against Edmond Descy (the petitioner), charging the unlawful possession of intoxicating liquor for beverage purposes.

April 28, 1921, the defendant was arraigned, pleaded "not guilty," and gave bail.

November 3, 1921, the defendant filed a motion to quash the search warrant for illegality and nonconformity with the provisions of law, and prayed for an order for the return of property seized thereon.

June 8, 1922, the defendant filed an amended motion for the return of the property unlawfully seized, whereon citation was issued to the United States Attorney for this district, and to Edward J. Dunn, then Prohibition Director for the district of Rhode Island.

August 24, 1922, the information was nol. prossed.

On October 10, 1922, motions to dismiss the petition for return of property seized were filed by the United States Attorney and by the Prohibition Director.

Upon the hearing on their motions to dismiss the following points were urged:

First. That the said amended motion is fatally defective, in that it is not alleged, as required by section 33, title 2, of the National Prohibition Act (41 Stat. 305, 317), that said liquors were lawfully acquired.

Second. That this court is without jurisdiction and power to grant the relief prayed for in said amended motion, for the following reasons:

(a) A director of prohibition is not an officer of this court.

(b) It does not appear from said amended motion that said liquors were seized on a search warrant authorized by section 25, title 2, of the National Prohibition Act.

Third. That the amended motion is insufficiently verified.

The first point for consideration is whether, upon an application for the return of liquors unlawfully seized in a private dwelling, there rests upon the petitioner the burden of alleging and proving that such liquor was lawfully acquired and possessed. The United States Attorney relies upon the following provisions of section 33, title 2, of the National Prohibition Act (41 Stat. 317):

"* * * But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; *and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used.*"

It is apparent, of course, that upon the trial of the information the burden of proof of unlawful possession rests upon the United States, and is not to be sustained merely by proof of the finding of intoxicating liquors in the plaintiff's private dwelling. As there is no requirement that this liquor shall be reported, or that a permit be secured, no

presumption can arise against the possessor from the fact of possession alone.

[1] To require of a defendant who appeals to the court to protect him against an unlawful invasion of his dwelling house, and an unlawful seizure by officers acting in direct violation of the provisions of the National Prohibition Act in respect to search warrants, that he assume the burden of proving that his possession is not unlawful, is very near to creating a presumption of guilt from proof of circumstances which are entirely consistent with innocence: To apply to a defensive proceeding of this character the rule concerning the burden of proof contained in section 33, in substance removes the presumption of innocence and imposes upon the defendant the burden of proving his own innocence in a proceeding which is incidental to a criminal complaint in which the burden of proof of guilt rests upon the United States.

In an article by Prof. Wigmore, Massachusetts Law Quarterly, August, 1922, page 33, the doctrine of Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, is criticized in the following language:

> "The truth is that the doctrine in question is illogical and that the citizen has no right to claim a return of the articles unless their criminal or innocent nature be first determined; but, as that is a part of the very issue in the main charge, it cannot be determined in advance, so that the doctrine leads to impracticable results."

[2] That the contention of the United States as to the present applicability of the provision of section 33 concerning the burden of proof leads to an impractical result is evident.

As a condition of the exercise of its power to correct an abuse of process and a violation of the constitutional right of a defendant, the court is asked to require the defendant to prove his lawful possession, and thus his innocence of the crime of unlawful possession.

If he refuses to comply with that condition, and stands upon his right to a jury trial on this issue, in order to preserve the benefit of the presumption of innocence, and to require that it be removed by evidence that convinces a jury beyond a reasonable doubt, then he would seem to run into the rule that upon a trial courts do not stop to inquire as to the means by which evidence was obtained, but limit the inquiry to its competency or relevancy. See Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575.

We cannot believe that it was the intent of Congress to require a man to prove his innocence of a pending charge of crime in order to protect himself and his home from an unconstitutional invasion. The words of section 33, "in any action concerning the same," are inappropriate to a defensive application of this character.

The petition is an intervention in opposition to an abuse of process. See Perlman v. U. S., 247 U. S. 7, 38 Sup. Ct. 417, 62 L. Ed. 950. It is a defense, not to an "action," but to an abuse of process. See U. S. v. Cleveland (D. C.) 281 Fed. 249. It concerns the unconstitutional invasion of his home, and covers more than is described by the words "action concerning the same"; i. e., liquors.

The recent decision of the Circuit Court of Appeals for this circuit in Giles v. U. S., 284 Fed. 208, October 28, 1922, also held that the denial of defendant's motion for a return of the liquors seized was error. Upon an examination of the record in that case it appears that the motion contained no allegation that the liquor was lawfully acquired or possessed, but merely that it was seized from the defendant's premises illegally, by an officer of the United States, under an invalid search warrant. The defendant's right to a return was thus based merely upon the illegality of the seizure. There was no suggestion that the petitioner should have gone further and alleged and proved the lawfulness of his possession. In support of its conclusions the Circuit Court of Appeals cited the following authorities: Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Woods v. United States (C. C. A.) 279 Fed. 706, 710; Honeycutt v. United States (C. C. A.) 277 Fed. 941; United States v. Bush (D. C.) 269 Fed. 455; Johnston v. United States, 87 Fed. 187, 30 C. C. A. 612; Ripper v. United States, 178 Fed. 24–26, 101 C. C. A. 152; United States v. Baumert (D. C.) 179 Fed. 735; United States v. Friedberg (D. C.) 233 Fed. 313; United States v. Rykowski (D. C.) 267 Fed. 866; United States v. Maresca (D. C.) 266 Fed. 713; Veeder v. United States, 252 Fed. 415, 164 C. C. A. 338; United States v. Yuck Kee (D. C.) 281 Fed. 228; Bram v. United States, 168 U. S. 532, 18 Sup. Ct. 183, 42 L. Ed. 568. See, also, Burdeau v. McDowell, 256 U. S. 465, 41 Sup. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159.

It is also urged that this court is without jurisdiction to grant the relief prayed for.

It is contended that the warrant was issued under section 3462 of the Revised Statutes (Comp. St. § 6364), which relates to search warrants for revenue frauds. It appears, however, from the search warrant itself, that the complaint was for "certain breaches of National Prohibition Act of October 28, 1919." As it is required that these search warrants shall be filed in the office of the clerk of the court, and that the property seized shall be subject to the disposition of this court, I am of the opinion that the objection to jurisdiction is without merit.

It is plain that any technical defects in the complaint and warrant under color of which the officer acted do not alter the fact that the seizure was by a governmental agent, acting under color of authority.

The motions to dismiss the petition for return of property unlawfully seized are denied.