### SMOOT v. THE STATE.

1. Under the provisions of art. 1, sec. 1, par. 16, of the constitution of Georgia, no search "warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched, and the persons or things to be seized." The existence of probable cause is not a matter for the conclusion of the affiant, but is a fact to be judicially determined by the magistrate issuing the warrant from facts submitted to him supported by oath or affirmation. A search warrant supported only by an affidavit based upon information and belief is wholly void and inadmissible in evidence for any purpose. A search warrant can only be granted after a showing made before a magistrate, under oath, that a crime has probably been committed, and the constitution requiring a showing of probable cause supported by affidavit intends that the facts shall be stated to authorize the magistrate to conclude that probable cause really exists.

2. Under the ruling in the foregoing headnote the trial judge erred in overruling the objection to the admission of the affidavit and the search warrant in evidence in the present case, and thereafter in overruling the motion for a new trial.

No. 4584.  July 18, 1925.

Obstructing process. Before Judge Darsey. City court of Griffin. June 28, 1924.

*Byars & Wood* and *Cleveland & Goodrich,* for plaintiff in error.

*W. H. Connor, solicitor,* contra.

RUSSELL, C. J.  Ada Smoot was tried upon an accusation charging her with the offense of resisting an officer. The provisions of section 311 of the Penal Code are as follows: "If any person shall knowingly and wilfully obstruct, resist, or oppose any officer of this State, or other person duly authorized, in serving or attempting to serve or execute any lawful process or order, or shall assault or beat any officer, or person duly authorized, in serving or executing any process or order aforesaid, or for having served or executed the same, he shall be guilty of a misdemeanor." The defendant was convicted. She moved for a new trial, her motion was overruled, and she excepted. The case was transmitted to the Court of Appeals; but as it became apparent upon the investigation of the record by that court that the decision depended upon the construction of art. 1, sec. 1, par. 16, of the constitution of this State the Court of Appeals has transferred the writ of error to this court under the provisions of art. 6, sec. 2, par. 5, of the constitution, which gives to the Supreme Court exclusive juris-

diction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States."

In the trial of the case at bar the plaintiff in error objected to the introduction in evidence of the affidavit made to obtain a search warrant, and of the search warrant issued under said affidavit, upon various grounds; but these objections were overruled, and the affidavit and search warrant were introduced in spite of the objections. The exceptions to the overruling of these objections present the leading assignment of error in the case, since the accusation against the plaintiff in error alleged that the resistance and obstruction to the officer occurred while he was acting under a lawful search warrant, and it was for this reason vital to the State's case that it be shown that the warrant was a lawful warrant. We shall deal only with two of the numerous objections which were offered in the trial when the affidavit and warrant were tendered in evidence, as follows: "Because said warrant was issued without probable cause, supported by oath or affirmation, and was issued in violation of art. 1, sec. 1, par. 16, of the constitution of the State of Georgia, which provides that 'no warrant shall issue except upon probable cause, supported by oath or affirmation.'" And "Because said warrant appears on its face to have been issued and served in violation of art. 1, sec. 1, par. 16, of the constitution of the State of Georgia, which provides that 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched, and the persons or things to be seized.' Said warrant was issued without probable cause, and no probable cause appears in the affidavit upon which the warrant was issued, the affidavit merely stating the conclusion of the affiant, and the warrant issued thereon does not show that it was issued upon probable cause, supported by oath or affirmation, but affirmatively appears to have been issued solely upon said affidavit." Stated otherwise, the question raised by these two objections to the introduction of the warrant which the trial judge admitted in evidence is whether under the provisions of art. 1, sec. 1, par. 16, of the constitution a lawful search warrant can be issued where the "probable cause" does not appear either in

the affidavit or in the warrant, and the warrant is issued entirely upon the affidavit which merely contains the conclusion of the affiant that in his opinion there is probable cause for the issuance of the warrant, but no expression of any kind in the warrant itself that the judicial officer who issued it is himself of the opinion that there is probable cause? The affidavit and warrant are as follows:

"Georgia, Spalding County. Personally appeared before me L. L. Stanley, who being duly sworn says that he has reason to believe that a quantity of intoxicating liquor and stilling apparatus are now in the possession of one Ada Smoot in the dwelling-house, outhouse, or on the premises of Ada Smoot located in Spalding County, Georgia,. and deponent verily believes, upon probable cause, that intoxicating liquors and distilling apparatus are there kept in violation of the laws of the State of Georgia, and for the purpose of violating the same. [Signed] L. L. Stanley. Sworn to and subscribed before me this 16th day of May, 1924. [Signed] T. J. Purdy, N. P. & J. P.

"Georgia, Spalding County. To the Sheriff or his lawful deputies of Spalding County, Ga., and to all and singular the sheriffs, constables, and marshals or police of this State: The foregoing affidavit having been duly made before me, these are therefore to command you to enter the dwelling-house, outhouse, or premises of the said Ada Smoot as in said affidavit described, with proper assistants, and make diligent search for the articles also in said affidavit described, and if you find the same, or any part thereof, bring them together with the said Ada Smoot before me, or some other judicial officer in and for said county, to be dealt with as the law directs. Given under my hand and seal, this the 16th day of May, 1924. [Signed] T. J. Purdy, N. P. & J. P."

The warrant explicitly states that it is issued only because of "the foregoing affidavit." The affidavit is based only upon the statements of the affiant that "he has reason to believe that a quantity of intoxicating liquor [is] in the dwelling-house . . of Ada Smoot, . . and verily believes upon probable cause that the intoxicating liquor [is] kept in violation of the laws of the State of Georgia." It is thus apparent, from the face of the papers to which objection was made, that there was no judicial consideration of any evidence other than the affidavit, and it is

apparent from the affidavit that no fact which would have afforded
the basis for a legal conclusion of probable cause was before the
court,—nothing but the mere statement of the affiant that he
verily believed there was probable cause. The wording of the sec-
tion of the constitution which permits the issuance of a search
warrant forbids the issuance of such warrant unless there are
facts constituting probable cause submitted to the magistrate for
his judicial determination, and these must be supported by oath
or affirmation. It is another and quite a different thing for the
court to delegate to the affiant and prosecutor the authority to
determine by his opinion of probable cause whether the warrant
should issue. Art. 1, sec. 1, par. 16, of our constitution no doubt
followed the fourth amendment to the constitution of the United
States, which provides: "The right of the people to be secure
in their persons, houses, papers, and effects, against unreasonable
searches and seizures, shall not be violated, and no warrant shall
issue but upon probable cause, supported by oath or affirmation, and
particularly describing the place to be searched, and the persons
or things to be seized." As is pointed out by Mr. Justice Bradley
in Boyd v. United States, 116 U. S. 616 (6 Sup. Ct. 524, 29 L.
ed. 746), it no doubt had it origin in the determination of the
framers of the amendments to the Federal constitution to pro-
vide for that instrument a bill of rights, securing to the American
people, among other things, those safeguards which had grown
up in England to protect the people from unreasonable searches
and seizures, such as were permitted under the general warrants
issued under authority of the government, by which there had
been invasions of the home and privacy of the citizens, and the
seizure of their private papers in support of charges, real or
imaginary, made against them. Such practices had also received
sanction under warrants and seizures under the so-called writs of
assistance, issued in the American colonies. Resistance to these
practices had established the principle which was enacted into the
fundamental law in the 4th amendment, that a man's house was
his castle, and not to be invaded by any general authority to
search and seize his goods and papers. In the Boyd case, after
citing Lord Camden's judgment in Entick v. Carrington, 19 How.
St. Tr. 1029, Mr. Justice Bradley said (116 U. S. 630): "The
principles laid down in this opinion affect the very essence of con-

stitutional liberty and security. They reach farther than the concrete form of the case then before the court, with its adventitious circumstances; they apply to all invasions on the part of the government and its employees of the sanctity of a man's home and the privacies of life. It is not the breaking of his doors and the rummaging of his drawers that constitutes the essence of the offense; but it is the invasion of his indefeasible right of personal security, personal liberty, and private property, where the right has never been forfeited by his conviction of some public offense, —it is the invasion of this sacred right which underlies and constitutes the essence of Lord Camden's judgment."

The precise question here involved has been adjudicated by the Supreme Court of Wyoming in the case of State v. Peterson, 27 Wyo. 185 (194 Pac. 342, 13 A. L. R. 1284); and as the corresponding clause of the constitution of Wyoming is practically identical with art. 1, sec. 1, par. 16, of the constitution of Georgia, we approve what is said in the Wyoming case. In that case it was said: "Section 4, article 1, of the Wyoming constitution, which it is claimed these provisions of the prohibition act violate, is as follows: 'Sec. 4. Security against Search. The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched or the person or thing to be seized.' . . This provision against unreasonable search and seizure has been considered one of the fundamental props of English and American liberty of the individual citizen, and to be most sacredly observed, giving rise to the expression that a 'man's house is his castle,' designed to prevent violation of his private security in property, or the unlawful invasion of the home of the citizen by the officers of the law acting under legislative or judicial sanction, and to give remedy against such usurpations. Adams v. New York, 192 U. S. 585, 48 L. ed. 575, 24 Sup. Ct. Rep. 372. The framers of the constitution 'sought to provide against any attempt by legislation or otherwise to authorize, justify, or declare lawful any unreasonable search or seizure. This restriction was intended to operate on legislative bodies so as to render ineffectual any effort to legalize by statute what the people expressly stipulated could in no event be made lawful;

upon executives, so that no law violative of this constitutional inhibition should ever be enforced; and upon the judiciary, so as to render it the duty of the courts to denounce as unlawful every unreasonable search and seizure; whether confessedly without any color of authority, or sought to be justified under the guise of legislative sanction.' 24 R. C. L. 704."

The court then holds that the statute under review does not authorize the issuance of a search warrant without any affidavit, and proceeds to discuss the second, third, and fourth grounds of attack made upon the statute, to wit, that "it permits any affidavit made to be verified upon information and belief; it does not require any showing of probable cause to be made before the issuance of the search warrant; [and] it vests the matter of the determination of probable cause in the prosecuting attorney, and not in the court.   . .   Section 26 does provide that the complaint of the prosecuting attorney or prohibition commissioner can be made upon information and belief, and does not require any statement of the grounds for the belief.  The question whether an affidavit on information and belief complies with the requirements of § 4, art. 1 of the constitution, is thus fairly presented. The same provision of the constitution protects against unreasonable arrest and search warrant for property, and the interpretation placed thereon as to the character of the affidavit in case of arrest of the person applies equally as to search and seizure of goods. In a great majority of the states, as well as the courts of the United States, it has been held that an affidavit on mere belief does not fulfill the requirements of the constitution in this regard, although there are a few decisions which hold otherwise. It is generally held that an affidavit is not sufficient if it is made on information and belief; and is not corroborated or supported in any way (24 R. C. L. 708), although there are some cases which hold to the contrary. In the case of Johnston v. United States, 30 C. C. A. 612, 58 U. S. App. 313, 87 Fed. 187, 11 Am. Crim. Rep. 349, the court on a demurrer to the information, discussing the affidavit with reference to the 4th Amendment to the Federal constitution, said: 'The affidavit on which the information was based was wholly insufficient to warrant the arrest and trial of the plaintiff in error, and is altogether too general in terms as to the offense against the United States said to have been committed;

and it shows no knowledge, information, nor even belief on the part of the affiant as to the guilt of the party charged, beyond the bare statement that "there is probable cause to believe that the said offense has been committed by P. T. Johnston." However false the affidavit may be, it would be next to impossible to assign and prove perjury upon it.'

"In United States v. Tureaud (C. C.), 20 Fed. 621, the law with regard to the sufficiency of an affidavit upon which an information can lawfully be based is fully considered and discussed on principle and authority, and therein it is held that 'the "probable cause, supported by oath or affirmation," prescribed by the fundamental law of the United States [sufficient to base an information upon], is  .  .  the oaths or affidavits of those persons who of their own knowledge depose to the facts which constitute the offense.'

"In United States v. Polite (D. C.), 35 Fed. 59, it is held that 'informations must be based upon affidavits which show probable cause arising from the facts within the knowledge of the parties making them, and that mere belief is not sufficient.'  .  .

"A search warrant issued in a liquor case on an affidavit sworn to by the attorney-general on information and belief was held wholly void, in State ex rel. Register v. Patterson, 13 N. D. 70, 99 N. W. 67; and that mere belief is wholly insufficient to authorize issuance of a search warrant was held in Early v. People, 117 Ill. App. 608. The provision of the constitution of the State of Illinois in regard to search and seizure is exactly the same as that of Wyoming, and the Supreme Court of that State in Lippman v. People, supra, [175 Ill. 101], in construing its application to a statute of that State, said: 'This section of our constitution is identical with the 4th amendment to the constitution of the United States, except that it substitutes the word "affidavit" for "oath or affirmation." It is a step beyond the constitution of the United States, in requiring the evidence of probable cause to be made a permanent record in the form of an affidavit; otherwise it is the same. It has been uniformly held, wherever the question has arisen under a statute or constitution containing such provision, that the oath or affirmation must show probable cause arising from facts within the knowledge of the affiant, and must exhibit the facts upon which the belief is based, and that his mere belief

is not sufficient. United States *v.* Tureaud, 20 Fed. 621; Johnston *v.* United States, 30 C. C. A. 612, 59 U. S. App. 313, 87 Fed. 187, 11 Am. Crim. Rep. 349. . . Wherever a statute requires probable cause, supported by oath or affirmation, the complaint must set up facts, and can not rest on mere belief, which will not satisfy the requirement. Blythe *v.* Tompkins, 2 Abb. Pr. 468; People *v.* Heffron, 53 Mich. 527, 19 N. W. 170; Ex parte Dimmig, 74 Cal. 164, 15 Pac. 619. A search warrant can only be granted after a showing made before a magistrate, under oath, that a crime has been committed; and the law, in requiring a showing of probable cause, supported by affidavit, intends that facts shall be stated which shall satisfy the magistrate that suspicion is well founded. The mere expression of opinion, under oath, is no ground for the warrant, except as the facts justify it. . .' The finding of 'probable cause' is a judicial question, and can not be determined by an administrative or executive officer."

For a further discussion of the question and ample supporting authorities see the decision in the Peterson case, supra. For these reasons we think the trial judge erred in admitting the warrant; and the judgment overruling the motion for a new trial must be

　　　　　　　　　　　　　　　　　　　　　　　　　　*Reversed.*

*All the Justices concur, except Hill and Hines, JJ., dissenting.*

HINES, J. I dissent from the holding of the majority of this court that "A search warrant supported only by an affidavit based upon information and belief is wholly void and inadmissible in evidence for any purpose." A search warrant can properly issue upon affidavit sworn to upon the information and belief of the affiant. Lowrey *v.* Gridley, 30 Conn. 450; Rose *v.* State, 171 Ind. 662, 17 Ann. Cas. 228. A warrant charging a crime can issue upon an affidavit in which the affiant swears to the best of his knowledge and belief. *Dickson* v. *State,* 62 *Ga.* 583; *Franklin* v. *State,* 85 *Ga.* 570 (11 S. E. 876); *McAlpin* v. *Purse,* 86 *Ga.* 271 (12 S. E. 412); *Brown* v. *State,* 109 *Ga.* 570 (34 S. E. 1031). We can conceive of no sound reason for holding that greater strictness is required in an affidavit for a search warrant. Nor is the holding that "A search warrant can only be granted after a showing made before a magistrate, under oath, that a crime has been committed," a sound one. It is not necessary that the affidavit should allege the commission of a crime. It is sufficient if it

alleges reasonable ground for suspecting an offense. 24 R. C. L. 707, § 10. The purpose of a search warrant is to ferret out crime. If the commission of the crime and the criminal are known, no search warrant would ever be necessary. I am authorized to say that Mr. Justice Hill agrees in this dissent.