## UNITED STATES v. DOSSI.

(District Court, W. D. New York. February 10, 1926.)

1. **Criminal law ⟨⟩395—Intoxicating liquors ⟨⟩249—Search and seizure of liquor from defendant's private dwelling, without a warrant, by police, under direction of federal prohibition agent, held unlawful, and the liquor inadmissible in evidence against him.**

Search of defendant's private dwelling by police officers, without a warrant, under direction of a federal prohibition agent, and without any evidence of violation of law therein, was unlawful, and liquor so secured is inadmissible in evidence against him.

2. **Intoxicating liquors ⟨⟩249—That statute places the burden of proving that possession of liquor was lawful on the possessor does not deprive him of the right to protection against unlawful search and seizure (National Prohibition Act, tit. 2, § 33 [Comp. St. Ann. Supp. 1923, § 10138½t]).**

Possession of liquor in one's home is not per se a crime, and the fact that National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), makes such possession prima facie evidence that it is kept for an unlawful purpose, and places the burden of proving otherwise on the possessor, does not deprive him of the right to protection against unlawful search and seizure.

Criminal prosecution by the United States against Goetano Dossi. On motion by defendant to suppress evidence. Granted.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (John S. McGovern, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Samuel M. Fleischman, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. [1] By title 2, § 25 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) search warrants to search private dwellings, occupied as such, may only issue in case the dwelling is used for the unlawful sale of intoxicating liquor, or any part thereof used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house, and by section 33 (section 10138½t) it is expressly declared that the possession of liquor without a permit after February, 1920, shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered,

exchanged, given away, or otherwise disposed of in violation of the provisions of this title. But in the same section it is provided that it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied and used as such, if the liquors are for the consumption of the owner, his family, and bona fide guests, "and the burden of proof is upon the possessor, in any action concerning the same, to prove that such liquor was lawfully acquired, possessed and used."

In this case the police officers entered the private home of defendant without a search warrant, or any evidence that an offense had been committed in their presence. The liquor in his possession was not observed by them, nor did they sense any odor of unlawful manufacture. In fact, no reason was apparent for suspecting that he kept liquors at his home, and the sole reason for the forcible entry was to make a search for the purpose of securing evidence upon which to accuse him. Can such a search and seizure be sustained under the doctrine of Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, wherein the Supreme Court held that an entry into a private office without a search warrant, and abstracting from a safe private papers, would not estop the government from using such papers as evidence upon the trial of the person from whose custody they were taken?

An examination of the affidavit in support of this motion impels a negative answer. It appears that one Randall was instructed by the mayor of Olean to raid the private dwelling of defendant, living in that city, and he testified that he was accompanied by another police officer, and that they were acting under government authority, namely, that Bartlett, the district prohibition agent, had instructed the chief of police to work with him on prohibition matters. It also appears that, when the police officers came to defendant's home, they sought admittance. Upon admittance being refused, Randall said that he intended to search the place and had orders from the mayor to do so. He was asked for a warrant, but stated that he had no warrant, but had simply been ordered by the chief of police to raid the place. Some one in the house objected, saying he had no right to make the raid, and an argument ensued; that they (the officers) then proceeded to carry out the orders of their chief and the mayor, who, he said, were acting under instructions from the prohibition agent. Although some of the averments are bare conclusions, still there were some facts to support them. The government did not deny any of the averments.

[2] In the circumstances there was invasion of the home of defendant in flagrant violation of the Fourth Amendment to the Constitution, and nothing contained in the Burdeau Case justifying any such procedure. The possession of liquor in one's home is not per se a crime, and though the burden of proving that possession is lawful is on the accused, still this provision, assuming, but not deciding, that it is not repugnant to the presumption of innocence to which defendant is entitled (U. S. v. Descy [D. C.] 284 F. 724), has no application to the main question here involved. Such a wrongful entry by the police cannot be justified by any rule of common or statutory law, since no offense was committed in their presence, and no evidence of sales of intoxicating liquor by the accused at his home is suggested.

The case of Schroeder, 7 F.(2d) 60, recently decided by the Circuit Court of Appeals for this circuit, is not controlling on the facts here. There the court dealt with unlawful possession and transportation in an automobile operated by the defendant, and the court ruled that reasonable grounds existed for believing that these offenses were substantially committed in their presence.

Defendant having waived the return of the liquor seized, the order may provide for its destruction. The seizure in the instant case was illegal, and the evidence must be suppressed.

So ordered.