Mark WILLIS, Plaintiff,

v.

David B. ARP, C. Green, and Deputy
Newberry, Defendants.

CIVIL ACTION NO. 1:15-CV-0791-AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed February 29, 2016

1358

Ralph S. Goldberg, Goldberg & Cuvillier, P.C., Tucker, GA, for Plaintiff.

Timothy J. Buckley, III, Tracy K. Haff, Buckley Christopher & Haff, P.C., Atlanta, GA, for Defendants.

### ORDER

Amy Totenberg, United States District Judge

This matter is before the Court on Defendant Newberry's Motion to Dismiss [Doc. 9] and Plaintiff's Motion to Strike one of Defendant Green's affirmative defenses [Doc. 24]. For the following reasons, both Motions are **GRANTED**.

## I. MOTION TO DISMISS

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, at 679, 129 S.Ct. 1937. Although the plaintiff is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955; *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

"While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive there from, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party." *Sterling v. Provident Life & Accident Ins. Co.*, 519 F.Supp.2d 1195, 1209 (M.D.Fla.2006) (quoting *Frenck v. Corr. Corp. of Am.*, No. 8:06–cv–1534–T–17EAJ, 2006 WL 3147656 (M.D.Fla. Nov. 1, 2006) (Kovachevic, J.)); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2002) ("The court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened, or if these allegations are contradicted by the description itself."); *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992) ("[Courts] are not obliged to ignore any facts in the complaint that undermine the plaintiff's claim.").

### B. Background Facts

Another officer, Defendant Arp, swore out an arrest warrant against Plaintiff for stealing a coin jar containing around $60.00 from a Chick–fil–A counter. (Compl. ¶ 25–28; Warrant Doc. 3–1.) The affidavit offered in support of the warrant read:

Personally came D ARP who on oath says that, to the best of his/her knowledge and belief, MARK HOWARD WILLIS did, in [Henry] County ... commit the offense of [16–8–2—theft by taking—misdemeanor.] The accused did unlawfully take from the counter within the immediate presence of the store clerk, a jar of coins, the property of Chickfila, the value of $60.00 with the intention of depriving said owner of said property, did appropriate said property with the intention of depriving rightful owner thereof.

(Warrant, Doc. 3–1 at 1.)

Plaintiff alleges that this affidavit "articulates neither the basis for his belief that plaintiff had violated O.C.G.A. § 16–8–2" nor an "affirmative allegation that defendant Arp had personal knowledge of the circumstances surrounding the alleged commission of the crime." (*Id.* ¶¶ 26–28; Warrant, Doc. 3–1.) Plaintiff alleges that Defendant Newberry lacked probable cause or arguable probable cause due to the facial invalidity of the warrant. (*Id.* ¶ 29.) This claim is made in Count 2.[1]

Plaintiff also alleges an improper search based on Defendant Newberry entering Plaintiff's aunt's home to arrest him based on the above warrant. Plaintiff alleges:

On July 13, 2014, defendants Newberry and one other officer came to an address on Hudson Bridge Terrace at which plaintiff was staying.

Plaintiff had been staying at the home for one week. ... The home was his aunt's. [The officers] were looking for a person named Malek Grove.

Plaintiff has [since] attempted to obtain a copy of the warrant for Mr. Grove, but has been informed none existed.

Defendants Newberry and ARP either went to the address on Hudson Bridge Terrace without a warrant, or with a warrant for Mr. Grove, but had no reason to think that Mr. Grove lived there or could be found there, or that plaintiff lived there or could be found there.

When defendants arrived at the Hudson Bridge Terrace residence, they threatened to breach the door if plaintiff did not let him [*sic*] in. [ ]

He was arrested without a search warrant inside that house.

(*Id.* ¶¶ 12–19.) Based on these allegations, Count 1 claims Defendant Newberry violated Plaintiff's Fourth and Fourteenth Amendment rights.

These are all of the allegations in the Complaint related to Defendant Newberry.[2] While there are some confusing references in Plaintiff's Response brief that appear to confuse the actions of one officer with the actions of another, the Court accepts the allegations as they appear in the Complaint.

### C. Discussion

Defendant Newberry moves to dismiss the claims against him on multiple grounds. Some of those grounds are now irrelevant, since, for example, Plaintiff has clarified that Defendant Newberry is not being sued in his official capacity. (Doc. 11 at 4 ("DEFENDANT [NEWBERRY] WAS NOT SUED IN HIS OFFICIAL CAPACITY.").) Defendant's remaining arguments are that he is entitled to quali-

---

1. Plaintiff also alleges that Defendant Arp omitted exculpatory evidence learned by investigating officers "that would have undercut any probable cause or arguable probable cause." (*Id.* ¶ 30.) Plaintiff does not allege

that Defendant Newberry knew or should have known of that exculpatory evidence.

2. Defendant Newberry is not a defendant to Count 3. (*Id.* ¶ 37 *("COUNT THREE* [ ] Defendant Newberry is not a defendant herein.").)

fied immunity: (1) for any alleged violations of Plaintiff's constitutional rights based on the warrant application because Defendant Newberry did not secure the arrest warrant at issue and the warrant Newberry served was valid on its face; and (2) for Newberry's arrest of Plaintiff in a third-party's home because Plaintiff may not challenge the arrest under recent Eleventh Circuit precedent.

### 1. Qualified immunity standard

■ "The purpose of qualified immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir.2007) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)) (internal quotation marks omitted). Officials seeking qualified immunity must first establish that they were acting within their discretionary authority when the alleged constitutional violation occurred. *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir.2009). If so, the burden then shifts to the plaintiff to show that qualified immunity is not appropriate. *Id.*; *McClish*, 483 F.3d at 1237.

■ For each claim, Plaintiff must make two showings when challenging Defendant's qualified immunity defenses.[3] First, Plaintiff must show that a defendant's conduct violated a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Second, Plaintiff must show that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232, 129 S.Ct. 808 (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). A right is clearly established if it would have been clear to a reasonable officer that the officers' conduct was un-

lawful. *See, e.g., Saucier*, 533 U.S. at 201–02, 121 S.Ct. 2151; *Fils v. City of Aventura*, 647 F.3d 1272, 1287 (11th Cir.2011). The "salient question" is whether the state of the law gave the defendant "fair warning" that his alleged conduct was unconstitutional. *See Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). The Court "looks only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir.2011).

■ At the outset, the Court notes that there is no evident dispute over whether Defendant Newberry was acting within his discretionary authority. "[A] government official can prove he acted within the scope of his discretionary authority by showing objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Roberts v. Spielman*, 643 F.3d 899, 903 (11th Cir.2011) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). The allegations in the Complaint sufficiently state that Defendant Newberry was acting in his discretionary authority when he executed the warrant on July 13, 2014. *See Crosby v. Monroe Cty.*, 394 F.3d 1328, 1332 (11th Cir.2004) (finding the question of discretionary authority "easy" where a sheriff's deputy was "making an arrest"). Thus, the burden shifts to Plaintiff to sufficiently allege that Newberry's conduct described in Counts 1 and 2 violated a constitutional right and that it would have been clear to a reasonable officer that Newberry's conduct was unlawful.

---

**3.** The Court can begin the qualified immunity analysis with either inquiry. *See Pearson v.* *Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

### 2. Arrest based on allegedly invalid warrant

■ Accepting the facts alleged in the Complaint as true, Plaintiff's sole argument[4] for Defendant Newberry's liability for executing the allegedly invalid warrant is that the warrant facially violates *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) and *Smoot v. State*, 160 Ga. 744,128 S.E. 909 (1925). (Doc. 11 at 5, Doc. 14–1 at 3–4.)[5] Defendant Newberry contends this claim should be dismissed as against him because Plaintiff does not allege he acted in bad faith when he executed the warrant or that he had notice of any infirmities in the warrant. (Doc. 12 at 5.)

■ To receive qualified immunity when a plaintiff alleges an arrest in violation of the Fourth Amendment, an arresting officer must show at least "arguable probable cause to believe that a person is committing a particular public offense." *Redd v. City of Enter.*, 140 F.3d 1378, 1384 (11th Cir.1998). "Where an arrest warrant was facially valid and was executed in good faith and with probable cause, officers are entitled to qualified immunity." *Rodriguez v. Brown*, No. 1:13–CV–03633–RWS, 2014 WL 2809002, at *4 (N.D.Ga. June 20, 2014) (citing *Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir.1984)). In addition, "police officers have no responsibility to determine the viability of a [potential] defense when executing a valid arrest warrant." *Pickens v. Hollowell*, 59 F.3d 1203, 1207 (11th Cir.1995). In his Complaint, Plaintiff makes no allegations of—nor allegations of facts supporting—bad faith on behalf of Defendant Newberry.[6] Thus, if the arrest warrant was facially valid, he is entitled to qualified immunity.

Under O.C.G.A. § 17–4–41 (2015), an arrest warrant charging a theft, or the affidavit in support thereof, must contain:

> The offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; [t]he county in which the offense was committed; [the name] of the property alleged to have been stolen, with a description thereof, including its value; and [the name] of the owner of the property and the person from whose possession such property was taken.

Plaintiff attached the arrest warrant to his Complaint, so the Court can clearly see that it contains all of these elements. The language is quoted in the fact section above and is reprinted here for convenience:

> Personally came D ARP who on oath says that, to the best of his/her knowledge and belief, MARK HOWARD WILLIS did, in [Henry] County ... commit the offense of [16–8–2—theft by taking—misdemeanor.] The accused did unlawfully take from the counter within the immediate presence of the store clerk, a jar of coins, the property of Chickfila, the value of $60.00 with the intention of depriving said owner of said property, did appropriate said property

---

4. Defendant correctly points out that Plaintiff's other arguments are premised on confusing Defendants Arp and Green's actions with those of Defendant Newberry. (*See* Doc. 12 at 2.)

5. Plaintiff's Motion for Leave to File a Surreply [Doc. 14] is **GRANTED**. The Surreply itself was properly attached to the Motion, and the Court considered the Surreply herein.

6. Notably, although Plaintiff alleges that Defendants Arp and Green knew of or had the ability to obtain evidence that would have undercut any estimation of probable cause—and that they "maliciously instituted and maintained the proceedings despite the lack of probable cause"—Plaintiff makes no similar arguments against Defendant Newberry. (Compl.¶ 47.)

with the intention of depriving rightful owner thereof.

(Warrant, Doc. 3–1 at 1.) The affidavit and warrant therefore satisfy the requirements of O.C.G.A. § 17–4–41.

Plaintiff contends that the warrant is nonetheless "barebones" and invalid under *Whiteley*. Plaintiff does not say why the warrant is invalid under *Whiteley*, leaving it to the Court to divine his argument. In *Whiteley*, the officer's complaint (analogous to the affidavit here) consisted solely of the officer's "conclusion that the individuals named therein perpetrated the offense described in the complaint." 401 U.S. at 565, 91 S.Ct. 1031. The actual basis for the officer's "conclusion was an informer's tip, but that fact, as well as every other operative fact, is omitted from the complaint." *Id.* The Court held that the officer's complaint could not support "the independent judgment of a disinterested magistrate" to issue a warrant. *Id.* Here, though, the affidavit states that Plaintiff took the coin jar "within the immediate presence of the store clerk," specifically naming what appears to be the eyewitness source of the inculpatory information. (Warrant, Doc. 3–1 at 1.)

Plaintiff also cites, without any explanation, *Smoot v. State*, 160 Ga. 744, 128 S.E. 909 (1925). There, like in this case, the warrant was based solely upon the officer's affidavit. But unlike in this case, the officer's affidavit lacked any facts that "would have afforded the basis for a legal conclusion of probable cause was before the court." *Id.* at 910. Rather, the affidavit in *Smoot* said only that the officer "has reason to believe that a quantity of intoxicating liquor [is] in the dwelling house * * * of Ada Smoot, * * * and verily believes upon probable cause that the intoxicating liquor [is] kept in violation of the laws of the state of Georgia." *Id.* Simply put, the warrant in *Smoot* was based on the officer's determination of probable cause rather than the magistrate judge's, and the Georgia Supreme Court held that substitution impermissible. Arp's affidavit in this case does not attempt this breed of impermissible substitution, but offers the facts that the magistrate judge subsequently determined supported probable cause. The warrant therefore is not facially invalid under *Smoot*, either.

Accordingly, the allegations in the Complaint, when coupled with the text of the Warrant and affidavit that Plaintiff attached to the Complaint, do not plausibly aver a constitutional violation related to Defendant Newberry's arrest based on the warrant and affidavit in this case. He is therefore entitled to qualified immunity as to Count 2. His Motion in this regard is **GRANTED** and that claim is **DISMISSED.**

### 3. Arrest in third-party's home

With regard to the claim in Count 1, Plaintiff alleges "Defendants Newberry and ARP either went to the address on Hudson Bridge Terrace without a warrant, or with a warrant for Mr. Grove, but had no reason to think that Mr. Grove lived there or could be found there, or that plaintiff lived there or could be found there." (Compl.¶ 16.) The officers "threatened to breach the door if plaintiff did not let him [*sic*] in," (*id.* ¶ 16), and Plaintiff was then arrested inside the home without a search warrant. (*Id.* ¶ 19.) Defendant urges dismissal of this claim, arguing that Plaintiff's rights were not sufficiently implicated in the entry into his aunt's home.

"[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives ... when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Police can execute an arrest warrant by

entering a residence if they have a "reasonable belief that the location to be searched is the suspect's dwelling, and [a reasonable belief] that the suspect is within the residence at the time of entry." *United States v. Magluta,* 44 F.3d 1530, 1535 (11th Cir.1995). Moreover, and more pertinently in this case, "the subject of an arrest warrant cannot challenge the execution of [an arrest] warrant ... in a third-party's home" so long as the officer had "reason to believe the person named in the warrant is present." *United States v. Hollis,* 780 F.3d 1064, 1068–69 (11th Cir.2015) *cert. denied,* —— U.S. ——, 136 S.Ct. 274, 193 L.Ed.2d 200 (2015) (quoting *United States v. Agnew,* 407 F.3d 193, 197 (3d Cir.2005)).

Accordingly, the sole question before the Court is whether the allegations in the Complaint are sufficient to plausibly state that Defendant Newberry had no reason to believe that Plaintiff was present at the time he entered the home on Hudson Bridge Terrace. The factual allegations in this regard are sparse. The Complaint makes no mention of almost any facts surrounding the encounter at the front door, other than the officers were looking for Mr. Grove, threatened to break down the door, and ended up arresting Plaintiff inside the home. It is not even clear if Plaintiff is contending that the officers had Plaintiff's warrant with them and not Mr. Grove's, and that asking for Mr. Grove was just a ruse. The Complaint states not when the officers first saw and potentially recognized Plaintiff, nor how the officers entered the home, nor any other facts that might enable the Court to determine whether Plaintiff is entitled to relief for Defendant Newberry's arrest of Plaintiff in a third-party's home. To the extent Plaintiff claims more of a privacy interest than that protected by the Fourth Amendment, *Hollis* also stands for the proposition that a person "has no greater right of privacy in another's home than in his own."

780 F.3d at 1068 (quoting *Agnew,* 407 F.3d at 197).

The "plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully.... If a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (internal quotations omitted). The Complaint here stops short of the line. The Motion to Dismiss this claim against Defendant Newberry is therefore **GRANTED** and the claim against Defendant Newberry in Count 1 is **DISMISSED WITH PREJUDICE,** subject to the Court's granting Plaintiff leave to file an amended complaint within 20 days that provides more allegations that plausibly suggest that Defendant Newberry had no reasonable belief that Plaintiff was in the residence at the time Newberry entered the residence.

## II. MOTION TO STRIKE

■■■ Plaintiff moves to strike Defendant Green's eighth affirmative defense [Doc. 24]. Plaintiff acknowledges that "in this Circuit, it is unclear whether the *Iqbal–Twombly* standard applies to affirmative defenses," but nonetheless urges "there is absolutely no reason to countenance allegations such as those made in the Eighth Defense." (Doc. 24–1 at 1.)

The affirmative defense at issue reads: To the extent as may be shown by evidence through discovery which provides factual or legal support, Defendant Green asserts and reserves the defenses of accord and satisfaction, arbitration clauses, assumption of the risk, contributory and comparative fault, discharge in bankruptcy, duress, estoppel, failure of consideration, failure to mitigate, failure to exercise ordinary or due care, fraud, illegality, fellow servant doctrine and ex-

clusive remedy, laches, lack of proximate cause, license and consent, set-off and payment, release and covenant not to sue, res judicata, issue and claim preclusion, statute of frauds, any and all statutes of limitation, waiver.

(Doc. 20 at 2–3.)

 Rule 12(f) provides that a party may move the Court to strike an "insufficient defense." Fed.R.Civ.P. 12(f). On a motion to strike, the Court must accept the factual pleadings according to the same standard as on a 12(b)(6) motion. *See Town of River Junction v. Maryland Cas. Co.,* 110 F.2d 278, 279 (5th Cir.1940); *United States v. Assets Described in Attachment A,* No. 6:09–cv–1852–Orl–28GJK, 2010 WL 6593942, at *4 n. 8 (M.D.Fla. Dec.2, 2010) (citing *United States v. 74.05 Acres of Land,* 428 F.Supp.2d 57, 60 n. 2 (D.Conn.2006)). Striking a pleading is a "drastic remedy" that courts should use "sparingly" and "only when required for the purposes of justice." *NCI Group, Inc. .v. Cannon Svcs., Inc.,* No. 1:09–cv–0441–BBM, 2009 WL 2411145, at *20 (N.D.Ga. Aug. 4, 2009) (quoting *Augustus v. Bd. of Pub. Instruction,* 306 F.2d 862, 868 (5th Cir.1962)).

Prior to *Twombly,* it was "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 550 U.S. at 561, 127 S.Ct. 1955 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957)). The Eleventh Circuit has not decided whether the *Towmbly–Iqbal* pleadings standards applicable to claims under Rule 8(a) applies to affirmative defenses under Rule 8(c), but it has stressed that notice is the main purpose of Rule 8(c). *See Hassan v. U.S. Postal Serv.,* 842 F.2d 260, 263 (11th Cir.1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").) Whatever the standard that applies to pleadings under Rule 8(c), Defendant Green, in his eighth affirmative defense, does not meet that standard. He has provided a shotgun statement of defenses, many of which could not conceivably be relevant to Plaintiff's claims. Plaintiff's Motion to Strike [Doc. 24] Defendant Green's eighth affirmative defense is therefore **GRANTED.**

## III. CONCLUSION

For the following reasons, Defendant's Motion to Dismiss [Doc. 9] is **GRANTED.** Plaintiff's claim against Defendant Newberry in Count 2 is **DISMISSED WITH PREJUDICE.** Plaintiff's claim against Defendant Newberry in Count 1 is **DISMISSED WITH PREJUDICE,** subject to the Court's granting Plaintiff leave to file an amended complaint within 20 days that provides more allegations that plausibly suggest that Defendant Newberry had no reasonable belief that Plaintiff was in the residence at the time Newberry entered the residence. Plaintiff makes no other claims against Mr. Newberry, so Mr. Newberry is **DISMISSED** as a defendant in this case, subject to the same grant of leave. Plaintiff's Motion to Strike [Doc. 24] is also **GRANTED** and the Court **STRIKES** Defendant Green's eighth affirmative defense from the pleadings in this case.

**IT IS SO ORDERED** this 29th day of February, 2016.