## BRYANT *v*. THE STATE.

The instructions to the jury, and the alleged omissions to charge, present no cause for a new trial; and the conviction of murder was authorized by the evidence.

No. 2985. May 20, 1922.

Indictment for murder. Before Judge Malcolm D. Jones. Houston superior court. November 26, 1921.

*John R. Cooper* and *W. O. Cooper Jr.*, for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.*, contra.

Fish, C. J. Levi Bryant was convicted of murder for unlawfully and maliciously killing Anderson Bolus by cutting and stabbing him with a knife. A new trial being refused, Bryant excepted.

1. One ground of the motion for a new trial complains that the court erred in failing to charge the jury " that the burden of proof was upon the State to make out its case beyond a reasonable doubt." The court did charge as follows: " The defendant enters upon the trial of his case with the presumption of innocence in his favor, and that presumption remains with him throughout the entire trial until his guilt be established beyond a reasonable doubt." In view of the instruction given, such omission was not error.

2. The court charged the jury as follows: "The defendant has put in evidence his general character for peaceableness and quiet. You can consider this evidence of general character for peaceableness and quietness along with the other evidence in the case. If in your opinion it should do so, general character may generate doubt. You could, if you saw fit, find a reasonable doubt upon general character alone, but the law is that you give to that general character just that force, weight, and credit to which you think, under the circumstances of the case, taking it in connection with all the other evidence in the case, it may be entitled." This instruction was not error for the alleged reason that it failed to inform the jury that if the proof of defendant's good character raised a reasonable doubt as to his guilt, he should be acquitted. It was not necessary to repeat, in this connection, the instruction given as to reasonable doubt.

3. In his charge the judge read to the jury section 70 of the Penal Code, defining "justifiable homicide," and stated to the jury, "I charge you this section, because one of the defendant's contentions is that he acted in self-defense and was justifiable in whatever he may have done." In view of the evidence it was not error to preface this instruction with the words, "Now, another theory of the defense I give you in charge, which is the definition of justifiable homicide."

4. Nor was it error, in view of the evidence, to preface a correct instruction as to the definition of voluntary manslaughter with the statement: "Under the contentions in this case, it is proper for me to give you the definition of manslaughter."

5. The court, in immediate connection with section 70 of the Penal Code, read to the jury section 71, relating to the doctrine of reasonable fear as to the commission of any of the offenses referred to in the former section, and followed this with the reading of section 72, as follows: "If after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another can not be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended, or might accrue to the person, property, or family of the person killing;" and then

read section 73, as follows : " If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." Complaint is made that the court erred in charging these three sections of the Penal Code in immediate connection, as it " tended to mix up the defense of the defendant. Section 72 had nothing . . to do with the case, because the killing did [not?] occur at the defendant's home or at the home of the deceased. It occurred in the streets, and it was error to charge sections 71 and 73 in the same connection with section 72. Charging these three sections together mixed up the jury, and they did not understand the defense of the prisoner, or whether the person [prisoner?] killed in self-defense or in the fears of a reasonable man. Defendant contends that section 70 on justifiable homicide should have been charged alone, without any connection with sections 71, 72, and 73." It is true that the provisions of section 72, relating to the killing in defense of habitation, etc., were irrelevant, but the error in reading it to the jury was harmless to the defendant, and therefore not cause for a new trial. Nor was the reading to the jury of sections 71 and 73 in the connection stated cause for a new trial, as the court elsewhere in his charge concretely applied the provisions of these sections as applicable to the evidence, and in a way which rendered it unlikely that the jury could be misled by the reading of the sections in the connection referred to.

6. The instruction complained of in the sixth ground of the motion for a new trial, applying the provisions of § 73, relating to mutual combat, was not equivalent to instructing the jury that the defendant contended that he was guilty of voluntary manslaughter.

7. Where the court correctly instructed the jury as to the meaning of " a reasonable doubt," and that before they would be authorized to find the defendant guilty they must be convinced of his guilt beyond a reasonable doubt, it was not necessary in connection with each contention of the State or the accused to bring in the subject of reasonable doubt.

8. The remaining ground of the motion for a new trial is as

follows: " Because the court erred in charging the jury as follows, to wit: ' The defendant contends further that the deceased and the defendant were both willing to fight, and that both suddenly and mutually engaged in combat, and that whatever the defendant did upon that occasion was done without malice.and as a result of the sudden passion which was aroused during this combat and by this combat; and if you believe that, you could not find a verdict for murder.  Your verdict then would be one of two things — if you believe that the defendant, as I have read you from section 73, that the defendant killed the other in his defense, and that the danger was so urgent and pressing at the time of the killing that in order to save his own life the killing of the other was absolutely necessary, and it appears also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given, then you cannot find the defendant guilty of murder, but of justifiable homicide.  On the other hand, if you find there was no malice in the transaction and that these parties engaged in mutual combat, that they suddenly both had a dispute, a desire to fight, and both entered into this mutual combat to fight each other, and there was no malice, but that the deceased was killed as the result of passion engendered by this mutual combat, then that would be voluntary manslaughter.'  The vice of this charge consists in the court telling the jury that the defendant contends that the deceased and the defendant were willing to fight and that both suddenly and mutually engaged in combat, and that whatever the defendant did on that occasion was done without malice, and that if they found there was no malice they could not convict the defendant of murder, but that they could convict him of the offense of voluntary manslaughter.  The defendant did not admit that he was guilty of voluntary manslaughter, but contended that he was justifiable in what he did in taking the life of the deceased.  Defendant's counsel contended that the State's evidence made out a case of manslaughter; that the State's evidence showed mutual combat; that the State's evidence showed a willingness to fight on the part of both parties, and that the State could not claim a greater verdict than manslaughter, and that the State had made out no case of murder against the defendant, and that if the defendant's statement was to be believed he was not guilty of any offense what-

ever; that he was justifiable; that he killed the deceased in self-defense, and that he should be acquitted and discharged forever from the alleged crime." The evidence required a charge as to the law of the offense of murder, and also as to the offense of voluntary manslaughter, and the provisions of section 73 of the Penal Code, relating to mutual combat, were applicable under the evidence. The verdict was for murder, with a recommendation to mercy, and was authorized by the evidence. The jury rejected, as they had a right to do, the theories of voluntary manslaughter and of mutual combat; and if the instruction as to these theories excepted to in this ground were error, it was not, in this case, cause for a new trial.           *Judgment affirmed. All the Justices concur.*