## 28786. RHODES v. THE STATE.

GARDNER, J. 1. While the failure to charge on the principle of the burden being on the State to prove the defendant's guilt, coupled with the further failure to instruct as to the extent of the proof to be beyond a reasonable doubt, would require a reversal (*Adams* v. *State*, 25 *Ga. App.* 12, 102 S. E. 372), an omission to charge on the "burden" is not error when the court does charge that the defendant is presumed to be innocent until and unless the evidence satisfies the jury of his guilt beyond a reasonable doubt, and that if they have a reasonable doubt of his guilt they should acquit him. Such charge in effect sufficiently informs the jury that the burden of proof is on the State. *Neal* v. *State*, 26 *Ga. App.* 647 (2) (106 S. E. 913). Amplification of the definition of "reasonable doubt" is not required in the absence of a timely written request. *Faulkner* v. *State*, 43 *Ga. App.* 763, 767 (160 S. E. 117).

2. A defendant is "entitled to the presumption of innocence throughout the trial, which could only be overcome by proof of his *guilt of the crime alleged* beyond a reasonable doubt." *King* v. *State*, 163 *Ga.* 313 (3) (136 S. E. 154). It is reversible error, though not so in the absence of a timely written request (*Wages* v. *State*, 56 *Ga. App.* 365 (3), 192 S. E. 652), to fail to charge the jury that "the defendant enters upon the trial with the presumption of innocence in his favor, and that this presumption remains with him until overcome by evidence sufficient to satisfy the jury of his guilt beyond a reasonable doubt." *Townsend* v. *State*, 14 *Ga. App.* 757 (82 S. E. 253), and cit. The court in the instant case did not err in charging the jury, in the absence of a timely written request, that "in law the defendant is presumed to be innocent until and unless the evidence satisfies your minds beyond a reasonable doubt as to his guilt."

The remaining assignments of error are without merit. The court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 11, 1941.

*H. A. Allen,* for plaintiff in error.

*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.