34590. FIELDS *v.* THE STATE.

Decided April 10, 1953.

*Jesse T. Edwards, Joe Edwards, Bruce B. Edwards, James H. Fox,* for plaintiff in error.

*Paul Webb, Solicitor-General, W. E. Spence, Charlie O. Murphy,* contra.

Carlisle, J. Robert Lee Fields was charged, in an indictment in two counts, with assaulting Walter J. Branch and Christine Shanks with intent to murder them by shooting them with a pistol, a weapon likely to produce death. The jury returned a verdict of guilty on both counts and recommended that he be sentenced to serve not more than ten years and not less than ten years on each count. The defendant's motion for a new trial, based on the usual general grounds and six special grounds, was overruled and he excepted.

1. In special ground 1 (numbered 4), error is assigned upon the trial court's refusal to allow an arresting officer, while on cross-examination, to testify as to what the defendant told him

concerning the reason for his flight following the commission of the alleged offense. It is urged in this ground that, since the State had introduced evidence of flight in order to show consciousness of guilt, the defendant should have been permitted to introduce evidence in explanation of his flight. It appears from the evidence in this case that the offense is alleged to have been committed on September 22, 1950, and the defendant was located in Jacksonville, Florida, June 8, 1951, some eight months later, and was being returned to Atlanta by the arresting officer when he made to the officer the statement explanatory of his flight, which counsel for the defendant was seeking to elicit on cross-examination. Under these circumstances the explanation made by the defendant after he was in custody, some eight months after his flight, was purely a self-serving declaration and inadmissible. *Woods* v. *State*, 137 *Ga.* 85 (72 S. E. 908). The circumstances of this case are entirely different from those in *Lester* v. *State*, 75 *Ga. App.* 42 (42 S. E. 2d, 141); *Dixon* v. *State*, 12 *Ga. App.* 17 (76 S. E. 794); *Bryant* v. *State*, 191 *Ga.* 686 (14) (13 S. E. 2d, 820). There is no merit in this ground.

2. In special ground 2 (numbered 5), error is assigned on the overruling of the defendant's objection to the solicitor's argument to the jury concerning the Pardon and Parole Board's authority to parole a prisoner after he has served one-third of his minimum sentence. It does not appear that counsel at the time moved for a mistrial or requested the court to rebuke the solicitor. In *Jordan* v. *State*, 78 *Ga. App.* 879, 886 (52 S. E. 2d, 505), it was held: "The prosecuting attorney may on the trial of a case, such as is now under consideration, argue to the jury that the 'State Board of Pardons and Paroles might parole or pardon him.' *Lucas* v. *State*, 146 *Ga.* 315 (7) (91 S. E. 72); *Thornton* v. *State*, 190 *Ga.* 784 (2)' (10 S. E. 2d, 746); *Manchester* v. *State*, 171 Ga. 121 (7), 132, 133 (155 S. E. 11)." This ground is without merit.

3. In special ground 3 (numbered 6), error is assigned on the trial court's use, in the following excerpt from the charge, of the expression "presumption of evidence" instead of "presumption of innocence," which it is alleged deprived the defendant of the latter presumption: "Now, gentlemen, the accused enters on the trial of this case with the presumption of

evidence in his favor, and that presumption remains with him throughout the trial and until and unless the State, by the production of evidence in your presence and hearing, shall convince your minds beyond a reasonable doubt as to the guilt of the accused." This ground is without merit, as just before the jury retired the court charged: "I may have made a slip of the tongue when I first started charging awhile ago concerning this case. Let me repeat one thing to you that I want you to thoroughly understand, that the defendant in this case enters upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial, and until and unless the State, by the production of evidence in your presence and hearing, shall convince your minds beyond a reasonable doubt as to the guilt of the accused. If I did not give that language just as it is there, I intended it to be that way."

4. In special grounds 4 and 5 (numbered 7 and 8), error is assigned upon the failure to charge without request the following: "The defendant enters upon the trial of this case with the presumption of innocence in his favor. This presumption remains with the defendant, as a matter of evidence for the benefit of the defendant, and as affirmative proof in behalf of the defendant throughout the entire trial and can only be overcome by the verdict of the jury finding sufficient evidence has been introduced to overcome the same. Such presumption is to be considered by you, gentlemen, as evidence of the defendant's innocence and constitutes a substantial defense for the defendant and places on the State the burden of rebutting it by proof which shall satisfy you of the defendant's guilt beyond a reasonable doubt. The presumption of innocence, gentlemen, with which this defendant enters upon the trial of this case, and which I have stated to you remains with him throughout the entire trial, challenges the truth and credibility of all the evidence offered against him on this trial, and such presumption can only be overcome, gentlemen, by a verdict by you finding that sufficient evidence has been introduced to overcome the same."

We have indicated in division 3 of this opinion the charge which the court gave on the presumption of innocence in favor

of the defendant in a criminal case. That was sufficient in the absence of a timely written request to charge the elaboration upon which counsel insists in special grounds 4 and 5. *Wages* v. *State*, 56 *Ga. App*. 365 (2) (192 S. E. 652); *Rhodes* v. *State*, 64 *Ga. App*. 367 (13 S. E. 2d, 201). These grounds of the motion for a new trial are not meritorious.

5. In special ground 6 (numbered 9), error is assigned because the court did not charge the jury in substance as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." It is contended that this issue was raised by the testimony of one of the victims of the defendant's shooting, Christine Shanks. She testified as follows: "I didn't want to see Robert Lee [the defendant] get himself in no trouble, because this shot that he shot me with, I really do believe it was an accident. I don't believe that he shot me intentionally, because, if he had wanted to shoot me intentionally, when I was standing on the sidewalk, he could have shot me intentionally." This testimony, in view of the other evidence in the case and the defendant's statement, did not raise the issue of an accident within the contemplation of Code § 26-404. The defendant in his statement to the jury said that he shot Branch in self-defense, in other words, he confessed that he intentionally fired at Branch, but that it was in self-defense. The jury was authorized by the other evidence to disbelieve that he shot in self-defense, and if he did not shoot at Branch in self-defense, that he was guilty of an assault with intent to murder Branch. The fact that one of the shots missed Branch and hit Christine Shanks does not make that shot an accident. "The intent to kill is transferred; it follows the bullet. The purpose and nature with which the shot was fired is not changed in any degree by the circumstance that it did not take effect upon the person at whom it was aimed." *Montgomery* v. *State*, 78 *Ga. App*. 258, 262 (50 S. E. 2d, 777), and citations; *Curry* v. *State*, 148 *Ga*. 559 (97 S. E. 529). This ground is without merit.

6. No purpose would be served in recounting the evidence here. Suffice it to say that there was sufficient evidence to authorize the jury to find that, following a minor altercation be-

tween the defendant and Branch, in which Branch was cut, another altercation ensued between them over the issue of whether or not the defendant had cut Branch, and during this latter altercation the defendant stated that he had not cut Branch but that he would shoot him, and he began to fire at Branch with a pistol and one of such shots also struck Christine Shanks. The jury was authorized under the circumstances to find the defendant guilty of assault with intent to murder under both counts of the indictment.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*