### 39996. BROWN v. THE STATE.

FRANKUM, Judge. 1. The defendant was convicted in the City Court of Sandersville of possessing nontax-paid liquor. Her motion for a new trial was overruled and the assignment of error here is on that judgment. In the first ground of her motion she assigned error on the admission in evidence over timely objection of the affidavit and search warrant under which officers entered and searched her house. The substance of the objection to this document was that the warrant was void because the affidavit was made merely on information and belief of the affiant and the warrant was issued by the justice of the peace without a showing of probable cause for the issuance of the warrant having been made before him. The affidavit and warrant, copies of which were incorporated in this ground of the motion, were substantially the same as those in *Smoot v. State,* 160 Ga. 744 (128 SE 909, 41 ALR 1533), and under the ruling therein the warrant was in fact a void warrant. The admission in evidence of the affidavit and warrant over the objection made was erroneous and presumptively harmful to the defendant, and cause for reversal of the judgment overruling the motion for a new trial.

2. Where the trial court charged the jury that the defendant entered upon the trial with a presumption of innocence in her favor; that this presumption remained with her during

the trial until overcome by evidence on the part of the State sufficient to convince the jury to a moral certainty and beyond a reasonable doubt of the guilt of the defendant as charged, the failure of the court to charge without request that the *burden* was upon the State to produce evidence sufficient to convince the jury to a moral certainty and beyond a reasonable doubt of the defendant's guilt was not cause for reversal. *Bryant v. State,* 153 Ga. 534 (1) (113 SE 4); *Swint v. State,* 203 Ga. 430 (5) (47 SE2d 65); *Rhodes v. State,* 64 Ga. App. 367 (13 SE2d 201).

3. The general grounds of the motion for a new trial are not passed upon since the evidence on another trial may not be the same.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED APRIL 23, 1963.

*Marvin Hartley, Jr., Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.