## OWENS v. THE STATE.

120　209
122　174
122　691
123　529

1. Whether a prisoner shall be allowed to make a second statement rests in the discretion of the trial judge.
2. Grounds of a motion for a new trial which allege generally that extracts from a charge are erroneous will be considered merely as alleging that the extracts do not set forth sound propositions of law; and if they do, no inquiry will be made as to whether they are adjusted to the facts of the case,

in the absence of a specific assignment of error setting forth that they are not.

3. While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence ; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court.

4. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Submitted April 23, — Decided May 11, 1904.

Indictment for murder.    Before Judge Butt.    Stewart superior court.    March 5, 1904.

*G. Y. Harrell* and *B. F. Harrell*, for plaintiff in error.  *John C. Hart,* attorney-general, and *F. A. Hooper, solicitor-general,* contra.

COBB, J.    Reece Owens was convicted of the murder of his father, and complains that the judge refused to grant him a new trial.    Besides the general grounds, the motion contains eight special grounds.    The rulings in the first three headnotes dispose of the points raised in six of these grounds.    In another ground complaint is made that the court erred in admitting evidence which was irrelevant.    The evidence was clearly relevant, and whether what the witness said was so unreasonable that it ought not to have been believed was a question for the jury.    Another ground complains that while a witness was upon the stand, testifying as to the reputation of the deceased for peace or violence, having said that the worst thing the witness knew about the deceased was that he " could never be seen without that old Winchester rifle," the judge remarked, " that don't amount to anything ; that is one of the constitutional rights of the State, and one of the United States, to bear arms."    The assignment of error upon this language is that it was an expression of an opinion by the court as to the weight to be given the evidence.    One's character for peace or violence is established by general reputation, and a witness will not be permitted, on direct examination, to go further than state what was the general reputation of the person in question for peace or violence.    The person calling such witness will not be permitted to inquire into specific acts of violence or particular habits which might throw light upon this question.    On cross-examination, however, the witness may be sifted, and inquiry may be made into the conduct of the person on different

occasions or as to his different habits.　It does not appear from the motion for a new trial that the answer of the witness in the present case was on cross-examination.　If it was not, the evidence should have been excluded, and the remark of the court may be treated as an effectual, though irregular, way of withdrawing from the consideration of the jury evidence which was not properly before them.　The evidence authorized the verdict, and we see no reason for reversing the judgment refusing a new trial.　　　*Judgment affirmed.　All the Justices concur.*