BAILEY, *alias* BROWN, *v.* THE STATE.

BECK, P. J. 1. Where one is on trial under an indictment charging the offense of rape, if the evidence fails to establish the offense charged, but does show beyond a reasonable doubt that the accused is guilty of the offense of assault with intent to rape, he may be convicted of the latter offense, and instructions appropriate thereto should be given in the charge to the jury.

2. But where two are jointly indicted for the offense of rape, and the evidence shows one of them to be guilty of the offense as principal in

the first degree and the other guilty as principal in the second degree, because the latter was present aiding and abetting, the jury would not be authorized to find the latter guilty of the offense of assault with intent to rape, though there was evidence tending to establish, as against him, the last-mentioned offense, where this offense is a separate and distinct crime from that for which the two defendants were jointly indicted. Consequently the court did not err, in the present case, in omitting to charge upon the subject of assault with intent to commit rape.

3. The court was duly requested in writing to charge, that, the person jointly indicted with the defendant having been convicted as principal in the first degree, under the law the defendant, in case he should be convicted as principal in the second degree, should receive the same punishment as the principal in the first degree and could not be given a shorter or longer term in the penitentiary than was given to the joint defendant previously convicted. Exception is taken to the refusal of the court to give this charge. There is no merit in this exception. In section 43 of the Penal Code it is provided that " A principal in the second degree, except where it is otherwise provided, shall receive the same punishment that is provided for the principal in the first degree." The statute quoted merely fixes the limits of the punishment, and should not be construed to mean that precisely the same punishment should be given to the principal in the first degree and the principal in the second degree.

4. It was within the bounds of legitimate argument for the solicitor-general to urge the jury to return a verdict imposing a sentence to the full extent of the law; and the court did not err in refusing to sustain a motion for a mistrial because of the remarks set forth in the record.

*Judgment affirmed. All the Justices concur, except Atkinson and Hill, JJ., dissenting.*

No. 2962. MAY 13, 1922.

Indictment for rape. Before Judge Thomas. Thomas superior court. October 25, 1921.

*Titus & Dekle,* for plaintiff in error.

George M. Napier, attorney-general, C. E. Hay, solicitor-general, and Seward M. Smith, asst. atty.-gen., contra.