## 13724. O'NEAL *v.* THE STATE.

Refusal to continue the case because of the absence of counsel can not, under the facts of this case, be held to be an abuse of discretion. The motion for continuance was defective.

The evidence authorized the verdict of guilty.

DECIDED JULY 25, 1922.

Indictment for manufacture of liquor; from Troup superior court — Judge Roop. May 22, 1922.

*Harry M. Breed, J. T. Thomasson, T. J. Lewis,* for plaintiff in error.

*William Y. Atkinson, solicitor-general,* contra.

BLOODWORTH, J. 1. The only special ground of the motion for a new trial is based upon the alleged error of the judge in refusing to continue the case because of the absence of counsel for the defendant. Under the facts of the case we cannot say that the judge abused his discretion in refusing a continuance. Indeed, the motion is defective in not showing: (*a*) that "the accused could not go safely to trial without the services of such absent counsel;" (*b*) that "he expects his services at the next term;" (*c*) that "said application is not made for delay only." See Civil Code (1910), § 5718, Penal Code, § 990; *Wall* v. *State,* 126 *Ga.* 86 (1) (54 S. E. 815).

2. There is ample evidence to support the finding of the jury, and the judge did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., concurs.*

LUKE, J., dissenting. I think that under the facts of this case it was error not to continue the case.