WHALEY *v.* THE STATE.

BELL, J. 1. The evidence, though in large measure circumstantial, authorized the inference that a conspiracy existed between the defendant and another person to kill the deceased, and that the defendant aided and abetted the killing by supplying the gun used by the other person for that purpose.

2. To warrant a conviction of felony on the testimony of an accomplice, it is necessary that the accomplice be corroborated, and "the corroborating circumstances should be such as, independently of his testimony, to lead to the inference that the defendant is guilty. Facts which merely cast on the defendant a grave suspicion of guilt are not sufficient." *McCalla*

v. *State,* 66 *Ga.* 346; *Callaway* v. *State,* 151 *Ga.* 342 (106 S. E. 577); *Langston* v. *State,* 153 *Ga.* 127 (3) (111 S. E. 561).

3. But "it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. . . Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." *Hargrove* v. *State,* 125 *Ga.* 270, 274 (54 S. E. 164). In the present case the jury were authorized to find that the alleged accomplice was sufficiently corroborated.

4. The charge of the court to the jury on the necessity and degree of corroboration amply covered the subject, and there was no error in refusing to give a requested instruction relating to the same subject, which contained the statement that "facts which merely cast on the defendant a grave suspicion of guilt are not sufficient," although the charge as given did not contain this statement. *Knight* v. *State,* 143 *Ga.* 678 (85 S. E. 915).

5. Evidence that the defendant and another person took several drinks of whisky together a few hours before the killing, and that the whisky did not belong to the defendant, but was the whisky of the other person, who held malice and ill-feeling toward the deceased while the defendant and the deceased were friendly, was not sufficient to show that the defendant's alleged drunkenness was occasioned by the fraud, artifice, or contrivance of the other person, for the purpose of having the crime committed. Furthermore, there was no evidence that the defendant's intoxication, however caused, was in such degree as to dethrone his "reason and discretion," and to render him legally unaccountable. Accordingly the evidence did not warrant a charge in the language of the Penal Code (1910), § 39, and the court did not err in refusing so to charge.

6. A statement in the argument of the solicitor-general, that "if there was not enough evidence to authorize a verdict of guilty, if believed by the jury, it would be the duty of the court to direct a verdict of not guilty," while improper, did not constitute an impropriety so grave as to require the grant of a mistrial. The language here quoted was materially different from that referred to in *Hammond* v. *State,* 156 *Ga.* 880 (5) (120 S. E. 539).

7. Where before the selection of the jury the solicitor-general announced that he would not ask the death penalty, it was not cause for a new trial that the court refused to permit the jurors to be asked on voir dire whether they were conscientiously opposed to capital punishment.

*Judgment affirmed. All the Justices concur.*

No. 9471. OCTOBER 12, 1933.

*R. Carter Pittman* and *W. Gordon Mann,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John C. Mitchell, solicitor-general, J. T. Goree* and *B. D. Murphy, assistant attorneys-general,* contra.