WILSON *v.* THE STATE.

*M. L. Dunn Jr.,* and *Chester A. Byars,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. H. Connor, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.

BELL, Justice. Jim Wilson and Jeff Brown were indicted jointly for the alleged murder of William Hagan, and on a joint trial both were convicted. The verdict contained no recommendation in the case of Wilson, but recommended Brown to the mercy of the court. Wilson's motion for new trial was overruled, and he excepted. The general grounds of the motion are not insisted upon; and all of the special grounds are expressly waived, except those referred to herein. The evidence authorized the inference that Wilson was guilty as a principal in the first degree, and that Brown was guilty as a principal in the second degree. The court charged the jury as follows: "If you find both of these defendants guilty of murder, it is a matter in your discretion as to what penalty you will impose on each defendant. You may find one guilty of the offense of murder without recommendation, and the other guilty with a recommendation." This charge was assigned as error, because the Code provides that "a principal in the second degree, except where it is otherwise provided, shall receive the same punishment that is provided for the principal in the first degree" (Code of 1933, § 26-502), the contention being that the word "shall" as used in the statute required, as a matter of law, that the jury trying the case should impose the same penalty on the principal in the second degree as on the principal in the first degree. The idea seems to be that if the jury had been required to fix the same punishment for both defendants, Wilson as principal in the first degree might have drawn a recommendation.

The assignments of error are without merit. In *Bailey* v. *State,* 153 *Ga.* 413 (3) (112 S. E. 453), exception was taken to the refusal of a request to charge the jury that "The person jointly indicted with the defendant having been convicted as principal in the first degree, under the law the defendant, in case he should be convicted as principal in the second degree, should receive the same

punishment as the principal in the first degree, and could not be given a shorter or longer term in the penitentiary than was given to the joint defendant previously convicted." It was held that the request was properly refused, because the statute "merely fixes the limits of the punishment, and should not be construed to mean that precisely the same punishment should be given to the principal in the first degree and the principal in the second degree." In *Thompson* v. *State,* 160 *Ga.* 520 (5) (128 S. E. 756), it was held that the court erred in giving a charge as follows: "If you find the contentions of the State in this case are true from the evidence, under the rules of law as given you in charge, then all of the defendants would be equally guilty, and should receive equal punishment at your hands." The reason for this ruling was that "the jury would consider this to mean that precisely the same punishment should be given to each of the defendants; while as a matter of law the jury had the right, under the law relating to indeterminate sentences, to fix the length of the term of confinement in the penitentiary with the limitations prescribed in the statute." The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*