26182. STEPHENS *v.* THE STATE.

MACINTYRE, J. 1. "Since the decision of this court in *Childers* v. *State,* 52 *Ga.* 106, the rule has been well settled that, in a case of felony, there can be no conviction upon the testimony of an accomplice, un-

less the same is corroborated by other evidence connecting the accused on trial with the perpetration of the crime, and tending to show his participation therein." *McCrory* v. *State*, 101 *Ga.* 779, 780 (28 S. E. 921).

2. Where the proof showed that the defendant was at or near the scene of the crime at or about the time of its commission, coupled with suspicious circumstances such as the unseasonableness of the hour, being in company with the accomplice, a denial of his identity when the sheriff approached him in order to make the arrest for the crime charged, his denial of the fact that he was with the accomplice near the scene of the crime at the unseasonable hour, the jury were authorized to find that the testimony of the alleged accomplice was sufficiently corroborated. *Hargrove* v. *State*, 125 *Ga.* 270, 275 (54 S. E. 164); *Whaley* v. *State*, 177 *Ga.* 757 (3) (171 S. E. 290); 16 C. J. 707, § 1445.

3. The part of the charge excepted to was not subject to the criticism that the judge "expressed or intimated his opinion as to what has or has not been proved."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 17, 1937.

J. B. G. *Logan,* for plaintiff in error.
*Frank Simpson, solicitor-general, E. J. Clower,* contra.