## 30211. ROTH v. THE STATE.

DECIDED OCTOBER 26, 1943.

*Copeland & Dukes,* for plaintiff in error.

*George R. Lilly, solicitor-general, Maud Saunders,* contra.

GARDNER, J. The only assignment of error is that the court abused its discretion in not granting a continuance of the case. A motion for continuance is always addressed to the sound discretion of the trial judge, and his ruling thereon will not be disturbed unless it is manifestly abused. *Sealy* v. *State,* 1 *Ga.* 213 (44 Am. D. 641); *Lipscomb* v. *State,* 58 *Ga.* 608. "The presiding judge has a discretion in ordering the business of his court and determining whether it is proper to postpone a case or not; and it is only in instances of flagrant abuse in the exercise of such discretion that this court will interfere." *Clay* v. *Barlow,* 73 *Ga.* 787 (2). See *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973); *Hilton* v. *Haynes,* 147 *Ga.* 725 (95 S. E. 220).

The State, under the Code, § 81-1419, made a counter-showing. "The only special ground of the motion for a new trial is based upon the alleged error of the judge in refusing to continue the case because of the absence of counsel for the defendant. Under the facts of the case we can not say that the judge abused his discretion in refusing a continuance. Indeed, the motion is defective in not showing: . . (c) that 'said application is not made for delay only.'" *O'Neal* v. *State,* 29 *Ga. App.* 51 (113 S. E. 43). "A motion to continue a case, based upon the illness of leading counsel, is addressed to the sound discretion of the court. . . Upon the hearing of the motion the movant failed to testify that he expected to have the services of his leading counsel at the next term of the court, or that his application for a continuance was 'not made for the purpose of delay only." *Middleton* v. *State,* 39 *Ga. App.* 697 (148 S. E. 304). "A showing for a continuance on the ground of the absence and illness of leading counsel is not complete, under section 3525 [§ 81-1413] of the Code, without a statement on oath that the application is not made for delay only." *Burnett* v. *State,*

87 *Ga.* 622 (13 S. E. 552). "The showing for a continuance was incomplete, it not appearing that the application was not made for delay." *Farmer* v. *State,* 95 *Ga.* 498 (20 S. E. 494). "A motion for a continuance on the ground of the absence of counsel because of illness must affirmatively disclose that the absent counsel (where there are more than one) is the leading counsel and that he is sick, that the motion is not made for delay only, and that the movant expects to secure the services of the counsel at the next term." *Wall* v. *State,* 126 *Ga.* 86 (54 S. E. 815).

The record reveals that the defendant was charged with the offense of bigamy, and had employed and paid counsel to represent him. His counsel attended court the week before the trial, and procured a postponement of the case for approximately a week upon the statement to the court that he was sick. On the day when the case was called for trial this counsel did not appear. The court appointed counsel for the defendant about twenty minutes before the trial. A motion to continue was made by the appointed counsel, on two grounds: (1) that appointed counsel had not had opportunity to prepare the case; (2) that the defendant had employed and paid counsel who was absent because of sickness. On this motion the defendant testified in his own behalf, to the effect that his paid counsel was absent on account of illness, and introduced a doctor's certificate to that effect. The State made a counter-showing to the effect that when the paid counsel procured a postponement the week before he was apparently in good health. The motion for a continuance was not supported by evidence that it was not made for delay only, or that the defendant expected to have counsel present at the next term. In a note which appears in the record the judge made this statement: "Before this case was tried I requested Mr. W. A. Morgan, the attorney who was in court, to represent the defendant. He replied that he doubted if he should represent him, because he had declined a fee of $100 to represent him, and that he had no defense to the indictment; and I told him to go ahead and represent him anyway, which he did. I appointed him because from what he said I assumed that he understood the case."

We have set forth the principles of law in the decisions quoted from, for the purpose of showing that the motion was incomplete, and that the judge did not abuse his discretion in overruling the

motion. From the note of the trial judge, the complaint that the counsel appointed by the court did not have time to prepare the case is controlled by *Kelloy* v. *State*, 151 *Ga.* 551 (107 S. E. 488), where the Supreme Court said: "The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge; and his discretion will not be interfered with by this court, unless abused. No unusual or intricate matter of law or fact appearing, there was no abuse of discretion in overruling the motion for continuance upon the ground of want of time to prepare for trial."

Under the record, including the evidence submitted against the defendant after the overruling of his motion for continuance, we cannot say that the record presents an "instance of flagrant abuse in the exercise" of the discretion which the law vests in the trial court.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*