34124.    PARKER *v.* THE STATE.

Decided July 14, 1952.

*W. C. Hawkins,* for plaintiff in error.

*Walton Usher, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) There can be no conviction of felony on testimony of an accomplice, unless the accomplice's testimony is corroborated by other evidence connecting the defendant with the crime and tending to show his participation therein which would lead to an inference of the guilt of the accused independently of the accomplice's testimony. *Welborn* v. *State,* 25 *Ga. App.* 327 (103 S. E. 193); *Stephens* v. *State,* 56 *Ga. App.* 9 (192 S. E. 78). The corroboration may be by circumstantial evidence, and it need not conclusively raise an inference of the guilt of the accused if it is of such weight that, when considered with the testimony of the accomplice, it shows guilt beyond a reasonable doubt. *Milner* v. *State,* 7 *Ga. App.* 82 (66 S. E. 280); *Whaley* v. *State,* 177 *Ga.* 757 (171 S. E. 290); *Jackson* v. *State,* 64 *Ga.* 344. Slight circumstances may amount to sufficient corroboration, the weight thereof being exclusively for the jury. *Anglin* v. *State,* 14 *Ga. App.* 566 (81 S. E. 804); *New* v. *State,* 26 *Ga. App.* 5 (105 S. E. 50); *Walter* v. *State,* 41 *Ga. App.* 570 (2) (153 S. E. 925); *Brown* v. *State,* 18 *Ga. App.* 288 (1) (89 S. E. 342). The jury, in seeking to evaluate the corroborative circumstances, may consider their probability and whether the explanation offered by the defendant is disproved, as in *Harrell* v. *State,* 121 *Ga.* 607 (4) (49 S. E. 703), an arson case, where the improbability of the defendant's story was considered, with other circumstances as matter of corroboration. The State's evidence here, independent of the testimony of the accomplice, tended to show that she was at or near the scene of the crime on the night in question by showing that a piece of her skirt was found on a fence near the building, together with two sets of footprints, and her explanation as to the time when she was in that vicinity was rebutted by evidence that, had the skirt been torn in the afternoon, the footprints would have been washed out by the rain; that her skirt was wet; that the spring she claimed to have visited was dry at the time and the cherries she claimed to have been picking were not ripe. This constituted sufficient corroboration to authorize the jury, considering it in connection with the testimony of the accomplice, to return a verdict of guilty.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed.*   *Gardner, P.J., and Carlisle, J., concur.*