### 35035. HAIRE *v.* THE STATE.

TOWNSEND, J. 1. While a conviction based entirely upon the testimony of an alleged accomplice, uncorroborated by other competent evidence, will not be allowed to stand, corroboration is peculiarly a matter for the jury, and sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice. *Parker* v. *State,* 86 *Ga. App.* 497 (71 S. E. 2d 765); *Evans* v. *State,* 27 *Ga. App.* 316 (2) (108 S. E. 129); *Davis* v. *State,* 25 *Ga. App.* 532 (2) (103 S. E. 819). The evidence here was sufficient to corroborate the testimony of the accomplice.

2. A ground of a motion for new trial complaining of errors in the charge of the court, but failing to point out wherein the charges complained of are erroneous, presents no ground for review. *Butler* v. *State,* 178 *Ga.* 700 (2) (173 S. E. 856).

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 9, 1954.

*J. A. Drake,* for plaintiff in error.

*R. A. Patterson, Solicitor-General,* contra.

J. E. Haire was indicted, tried, and convicted in the Superior Court of Miller County of breaking and entering a store with

intent to commit a larceny, and of stealing certain named articles. Ted Irving testified for the State that he and the defendant jointly committed the burglary. He testified that they were together in the company of named persons on the day and night in question; that he wore plain shoes and the defendant wore cowboy boots with narrow heels; that they went to the store in his automobile, and he described the manner in which they broke in and the goods taken; that they left in the automobile, turned it over, and then left the car and carried certain groceries and other things to Buck Owens' house. This testimony was corroborated by other witnesses, who testified as to the defendant and Irving leaving together and coming back to the house later in the night; by the fact that a set of plain tracks and a set of tracks made by cowboy boots with narrow heels were found around the store window where the entry was made, with similar tracks around the overturned automobile, and that goods of the same kind as those stolen were found on the defendant's person and others in the house to which they returned together and were seen later in the night; and by the fact that on the night in question the defendant and the witness were wearing shoes and boots which would have made the tracks described. Other goods positively identified as those stolen were also seen in the house after the return of the defendant and the witness, but not before. The automobile was identified as the one which the defendant and the witness had used. All of this testimony sufficiently corroborated the testimony of the accomplice.

Error is assigned upon the denial of the motion for new trial as amended.