## 40214. DENNIS v. THE STATE.

Decided November 14, 1963.

*Wesley R. Asinof,* for plaintiff in error.

*William T. Boyd, Solicitor General, John I. Kelley, Solicitor, Eugene L. Tiller, Hinson McAuliffe, James L. Webb, Frank A. Bowers,* contra.

Nichols, Presiding Judge. The only evidence adduced on the trial of the case connecting the defendant with the offense of lottery was evidence obtained from her home at the time she was arrested.

The evidence did not disclose a search made in connection with a legal arrest. There was no evidence of a crime having been committed in the presence of the officers before the search was instituted. There was no evidence of flight, and there was no evidence of an arrest under an arrest warrant. Therefore, the question is presented, all of such evidence having been properly objected to as having been obtained in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, as to whether the search warrant was proper, and if not the evidence was inadmissible. In *Smoot v. State,* 160 Ga. 744 (128 SE 909, 41 ALR 1533), it was held that a valid search warrant cannot be issued on the belief of the affiant, or based on his belief that probable cause exists for the issuance of the search warrant. While the search warrant in the present case states

that it was issued "upon consideration of the allegations contained in the . . . affidavit, and upon facts submitted under oath" the evidence disclosed that no evidence under oath was submitted to the judicial officer issuing such warrant other than the affidavit based on the belief of the affiant that there was probable cause for the issuance of the warrant. The warrant was not valid, and evidence seized under the same was improperly admitted over the defendant's objections, and for such reason the superior court erred in overruling the certiorari. See Mapp v. Ohio, 367 U.S. 643 (81 SC 1684, 6 LE2d 1081); *Brown v. State,* 107 Ga. App. 672 (131 SE2d 146).

*Judgment reversed. Frankum and Jordan, JJ., concur.*