## 43465. ROWLAND v. THE STATE.

PANNELL, Judge. 1. While a lawful search may be made without a warrant when a person is under arrest, such search must be made under the terms of Section 1 of the Act approved March 16, 1966 (Ga. L. 1966, p. 567; *Code Ann.* § 27-301), which reads as follows: "Search without Warrant. When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: (a) Protecting the officer from attack; or (b) Preventing the person from escaping; or (c) Discovering or seizing the fruits of the crime for which the person has been arrested; or (d) Discovering or seizing any instruments, articles, or things which are being used, or which may have been used, in the commission of the crime for which the person has been arrested. Provided, however, when the peace officer is in the process of effecting a lawful search, nothing in this section shall be construed as precluding him from discovering or seizing any stolen or embezzled property, any item, substance, object, thing or matter the possession of which is unlawful, or any item, substance, object, thing, or matter other than the private papers of any person which is tangible evidence of the commission of a crime against the laws of the State of Georgia."

2. Accordingly, where a defendant, while operating an automobile, runs a stop light upon entering a state highway, in the presence of a state police officer, who immediately arrests him for that offense (but makes no subsequent charge against the defendant for such offense) and searches the automobile without the consent of the defendant, and the police officer gives as his only reason for searching the automobile that it was his usual practice to search stopped cars, and no other reason appears otherwise from the evidence on a hearing had upon a motion to suppress filed by the defendant, such a search is unreasonable and illegal and evidence of the possession of excess quantities of tax-paid whiskey in the trunk of the automobile obtained by such illegal search is inadmissible

■

against the defendant upon the trial of the case upon a charge of possessing such whiskey. The trial court, therefore, erred in overruling the motion to suppress and the motion for new trial complaining of the conviction of the defendant based upon the evidence so illegally obtained. See in this connection People v. Blodgett, 46 Cal. 2d 114 (293 P2d 57); People v. Zeigler, 358 Mich. 355 (100 NW2d 456); People v. Gonzales, 356 Mich. 247 (97 NW2d 16); Burley v. State (Fla.), 59 S2d 744; People v. Watkins, 19 Ill. 2d 11 (166 NE2d 433); People v. Mayo, 19 Ill. 2d 136 (166 NE2d 440); Joseph v. Commonwealth (Ky.), 324 SW2d 126; Barnes v. State, 25 Wis. 2d 116 (130 NW2d 264); United States v. Tate, 209 FSupp. 762.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 7, 1968—DECIDED APRIL 2, 1968.

*Garland T. Byrd,* for appellant.
*Albert D. Mullis, Solicitor General,* for appellee.