### 47798. ERVIN v. THE STATE.

DEEN, Judge. 1. The defendant, convicted of burglary, contends there is no corroboration of an alleged accomplice, Richardson, who testified that he went with the defendant and Wells to burglarize Chamblee Veterans Transfer, Inc. on Friday, October 22, 1971, after closing hours, he remaining outside, the defendant going with Wells, and Wells coming out with "something under his arm." A burglary was discovered when the office reopened on Monday, October 25, and a check writer with 16 checks was found missing.

The circumstances relied upon for corroboration are that around 10:30 on Monday morning three men identified as Wells (the driver), Richardson (front seat passenger) and Ervin (back seat passenger) went to a drive-in bank on which the checks, identified as part of the stolen series, were drawn; Richardson passed a check to Wells who showed identification and cashed it; about a half hour later the same car and occupants returned to the adjoining teller's cage and attempted to cash another check, the ink on which was not yet dry; on this occasion the teller gave an alarm, police arrived, the car drove away rapidly; Wells and Richardson were apprehended the same day and Ervin two or three days later. Ervin had worked for Chamblee Veterans Transfer one day, apparently the day of the burglary. Ervin admitted being in the car when the checks were

cashed and admitted knowing they were stolen but denied being a party to the burglary.

"There can be no conviction of felony on testimony of an accomplice, unless the accomplice's testimony is corroborated by other evidence connecting the defendant with the crime and tending to show his participation therein which would lead to an inference of the guilt of the accused independently of the accomplice's testimony. *Welborn v. State,* 25 Ga. App. 327 (103 SE 193); *Stephens v. State,* 56 Ga. App. 9 (192 SE 78). The corroboration may be by circumstantial evidence, and it need not conclusively raise an inference of the guilt of the accused if it is of such weight that, when considered with the testimony of the accomplice, it shows guilt beyond a reasonable doubt." *Parker v. State,* 86 Ga. App. 497 (71 SE2d 765). Recent possession of stolen property, not satisfactorily explained, is itself sufficient to authorize a conviction for theft. *Mathis v. State,* 104 Ga. App. 190 (121 SE2d 267). Here the defendant admitted awareness that the checks were stolen. The smudge on the second check, cashed about a half hour after the first one, indicates it was prepared immediately before presentation, and his presence in the car on both occasions leads to the conclusion that he was present when this was done. His presence during preparation leads to an inference that the possession was joint. All of this is circumstantial evidence reinforcing the statement of the accomplice that the parties together burglarized the premises of the employer where the defendant had been working. "It is not required that the corroboration of the testimony given by an accomplice shall of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice be corroborated in every particular. [Cits.]. The amount of corroborative extraneous evidence necessary to connect the accused with the commission of the offense lies peculiarly

within the province of the jury." *Mitchell v. State,* 202 Ga. 247 (4) (42 SE2d 767). The evidence was sufficient to support the testimony of the accomplice.

2. The appellant also complains that the court, after cautioning the jury to receive evidence of incriminatory statements by the defendant with caution, and to disregard any admission unless satisfied of its voluntariness, stated further that "if the defendant made an admission or incriminatory statements but such admissions or statements were accompanied by explanations or declarations which showed excuse, justification, or mitigation tending to justify his act or conduct, then no presumption of guilt would arise." Obviously, the reason for the introduction of an incriminatory statement by the defendant is the hope that the jury will draw an inference of guilt therefrom. While the words *inference* and *presumption* are different in legal connotation, and the former might be the better word, the charge does not lend itself to the criticism that it instructs the jury to presume guilt if they do not find that the explanation justifies or mitigates the conduct.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 3, 1973 — DECIDED FEBRUARY 9, 1973.

*Glenn Zell,* for appellant.