A92A1960. BELCHER v. THE STATE.
(427 SE2d 88)

POPE, Chief Judge.

Defendant Daniel James Belcher was convicted of the offense of armed robbery and appeals.

1. Defendant was tried jointly with two co-defendants. He argues the trial court erred in denying his motion for a separate trial. "Since the grant or denial of a motion to sever is left to the discretion of the trial court [pursuant to OCGA § 17-8-4], its ruling will be overturned only for an abuse of discretion." *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). Defendant argues he was prejudiced by the fact that in the course of testifying in her own defense, co-defendant Janeile Marlow testified defendant was present at the scene of the crime. One of the grounds for showing that a joint trial would prejudice the defendant is that he will thereby lose the opportunity to present the exculpatory testimony of the co-defendant because the co-defendant would not be expected to testify at the joint trial. Id. In this case, however, the co-defendant did testify, allowing defendant the opportunity to cross-examine her concerning both her trial testimony and the in-custody statements she made. That the prosecutor admitted the evidence was stronger in regard to co-defendant Paul Johnson does not support defendant's argument that he was entitled to a separate trial. "The mere fact that the case against [the co-defendant] was stronger than the case against [defendant] did not necessitate a separate trial." *Kelley v. State*, 248 Ga. 133, 136 (281 SE2d 589) (1981). We find no abuse of discretion in the trial court's denial of defendant's motion for a separate trial.

2. Defendant's remaining enumerations of error relate to the sufficiency of the evidence to sustain the conviction and the denial of defendant's motion for directed verdict. The evidence, viewed in the light most favorable to the verdict, shows defendant had been living at the apartment of co-defendant Marlow with co-defendant Paul Johnson and another co-defendant, Marcus Johnson, who pled guilty to the crime and testified at trial. On June 17, 1991, defendant was a back seat passenger in a vehicle driven by co-defendant Marlow. Co-defendants Paul Johnson and Marcus Johnson were also passengers. Also in the vehicle was a gun defendant brought from his grandfather's house. Marcus Johnson directed Marlow to pull into a convenience store parking lot and the two Johnson defendants, wearing bandannas across their faces, got out and used defendant's gun to hijack a Mustang automobile from the owner who was a customer at the

store. The two Johnsons drove off in the Mustang and Marlow followed them in the other vehicle in which defendant was still a passenger. According to an in-custody statement made by Marcus Johnson, about ten miles from where the car had been stolen, the Johnsons stopped in a residential neighborhood and went through the car. According to both Marcus Johnson and Marlow, the two vehicles drove on to Marlow's apartment. According to both an in-custody statement made by Marlow and the trial testimony of Marcus Johnson, when the group arrived at her apartment certain personal property found in the car was thrown away. According to Marlow, the Mustang's license tag was taken off and replaced with a dealer tag. In his in-custody statement, Marcus Johnson stated that prior to the theft of the Mustang the four co-defendants had discussed the need to do something to get money, including "thieving."

On June 21, all four co-defendants were passengers in the Mustang when the police pulled the vehicle over and discovered it had been stolen. The gun used in the robbery was in the Mustang under the driver's seat immediately in front of the seat in which defendant was riding.

Defendant argues the evidence shows only that he was present in the other vehicle at the time the Mustang was stolen and even the evidence of his presence at the scene was supplied only by the uncorroborated testimony of two co-defendants. The requirement of corroborating evidence to support the testimony of an accomplice does not apply where the evidence is supplied by the testimony of more than one accomplice. *Ross v. State*, 245 Ga. 173 (5) (263 SE2d 913) (1980).

We reject defendant's argument that the evidence showed nothing more than his presence at the scene of the crime. The incriminating evidence supplied by the statements of the two co-defendants was corroborated by defendant's conduct before, during and after the commission of the crime. "The conduct of a defendant before, during the time of, and after the commission of a crime, may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction." (Punctuation omitted.) *Williams v. State*, 222 Ga. 208, 220 (14) (149 SE2d 449) (1966). " 'It is not required that the corroboration of the testimony given by an accomplice shall of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice be corroborated in every particular. (Cits.) The amount of corroborative extraneous evidence necessary to connect the accused with the commission of the offense lies peculiarly within the province of the jury.' [Cit.]" *Ervin v. State*, 128 Ga. App. 144, 145-146 (195 SE2d 782) (1973). It is our opinion that the evidence as a whole supplied suffi-

cient corroboration of the statements of the co-defendants from which a jury could find, beyond a reasonable doubt, that defendant was a party to the armed robbery. Thus, the trial court did not err in denying defendant's motion for directed verdict and the evidence was sufficient to support the jury's verdict of guilty.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1993.

*B. Thomas Cook, Jr.,* for appellant.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney,* for appellee.